GEORGE L. GRILEY, Trustee, v. MARION MORTGAGE COMPANY, a Florida Corporation, *et al.*

182 So. 297.
Opinion Filed November 18, 1937.
Opinion on Rehearing Filed March 30, 1938.
Further Rehearing Denied June 4, 1938.

300

*Price & Price,* for Appellant;

*Marion E. Sibley, Grady C. Harris, Pine & Giblin* and *William K. Whitfield* (of Tallahassee) for Appellees.

TERRELL, J.—In September, 1924, Henry Tuttle and wife executed a trust deed in favor of G. L. Miller Bond and Mortgage Company, the purpose being to secure the payment of a loan represented by 180 bonds aggregating $85,000 principal. The trust deed described valuable rental property in Miami. In May, 1927, Marion Mortgage Company, successor trustee and mortgagee to G. L. Miller Bond

and Mortgage Company, instituted suit in Chancery to foreclose said trust deed. None of the bondholders were made parties defendant. When the suit to foreclose was instituted, the Trust Company of Florida was designated receiver for the trust property, took it in charge, and operated it for about fourteen months. A decree of foreclosure was entered in May, 1928, and in July following, the trust property was purchased at Master's Sale by Marion Mortgage Company for the bondholders at $40,000. The Trust Company of Florida forthwith turned over to Marion Mortgage Company, the latter purchaser, about $4,500 in cash being the net receipts from its operation of the trust property during its receivership.

In September, 1928, Marion Mortgage Company in its individual capacity borrowed $8,500 from Northern Investment Company, executed its note therefor payable September 1, 1933, and secured said note with a mortgage on the trust property in favor of the payee of the note. In November, 1928, said note was purchased by the appellant George L. Griley. The latter mortgage and note were executed and the note sold to Griley without an order of the court or without authority in the trust instrument. A warranty deed was then executed by Marion Mortgage Company to the Trust Company of Florida describing said trust property and it was operated by the latter company till it was placed in the hands of J. H. Therrell as liquidator, in November, 1931, at which time it (Trust Company of Florida) was indebted to the trust estate in the sum of $9,461.06. None of the beneficiaries of the trust estate knew of the Northern Investment Company mortgage and sale of the mortgage and note to Griley till long afterwards.

In August, 1933, George L. Griley instituted suit to foreclose his mortgage, Marion Mortgage Company and others were made parties defendant individually. The Trust Com-

pany of Florida, M. A. Smith, as Liquidator, nor any of the beneficiaries, were named as defendants. Appellees, as defendants, filed their answer to Griley's bill to foreclose, parts of which were stricken on motion of the latter. A special master was appointed, testimony was taken, and a final decree of foreclosure was entered in October, 1934. M. A. Smith was forthwith discharged as trustee, Rupert L. Rackley was appointed in his place and took over the trust property for administration.

In November, 1934, Rupert L. Rackley as trustee filed a petition to intervene and later a petition for rehearing of the foreclosure decree in the Griley foreclosure suit. The petition to intervene was granted in part and Rackley was permitted to file his defense to the Griley foreclosure suit. Montgomery Whaling was also permitted to intervene and he and Rackley filed answers to Griley's bill to foreclose.

In February, 1935, Griley filed an amended bill of complaint in his foreclosure suit making Rackley, Montgomery Whaling, and others, parties defendant. The amended bill of complaint was twice amended and among other things alleged that Marion Mortgage Company executed the mortgage and note purchased by him (Griley) by virtue of implied powers vested in it as trustee and that defendants were estopped to deny the validity of the mortgage, that they had ratified the note and mortgage and were guilty of laches with respect to challenging its validity.

Rackley as trustee filed his answer to Griley's bill of complaint as amended in August, 1935, wherein he challenged the validity of the note and mortgage, the power of Marion Mortgage Company to execute them and that Griley had purchased the note at a large discount with knowledge of its invalidity, that at the time the note and mortgage were executed and purchased by Griley, the trustee had ample cash funds to protect and administer the trust property

without making the loan, and that said note and mortgage were executed and sold as the result of a scheme between the parties thereto to raise money for the individual use of Trust Company of Florida. Other defendants filed answers to the same import.

A special master was appointed to take testimony on the issues made by the amended bill and answers, and make report of his findings of law and fact. The special master found that Marion Mortgage Company had no express or implied power to execute the note and mortgage purchased by Griley, that the facts stated in the supplemental motion for confirmation of the master's sale were incorrect and untrue, that at the time said note and mortgage were executed and sold to Griley, the Trustee had in his possession sufficient cash funds to protect and administer the trust property, that Griley was not an innocent purchaser in due course, that defendants were not estopped to deny the validity of the note and mortgage, that they were not guilty of laches, that they had not ratified the note and mortgage, and that Griley was not entitled to recover on the note and mortgage.

The Chancellor sustained the findings of the special master and dismissed the amended bill of complaint "with prejudice, but saving and reserving unto the plaintiff any and all rights which in equity he ought to be entitled to by way of subrogation to the rights of the "mortgagor-defendant." From such decree, the instant appeal was prosecuted.

Out of this state of facts, counsel are not in accord as to the questions evolved, but we conceive the primary question to be that of whether or not a trustee of a resulting trust has the power to execute a mortgage secured by the trust property when at the time he executed it he had in possession ample funds to preserve and administer the trust res.

It is admitted that no express power was vested in the trustee by the settler to encumber the trust property and it is settled law that such an implied power only arises when its exercise becomes necessary to preserve the trust estate from waste or some other emergency. Smith v. Massachusetts Mutual Life Insurance Co., 116 Fla. 390, 156 So. 498; Borgert on Trusts, paragraph 766. Even when exercised, for these reasons, it must be done by leave of the court.

The record discloses that the trust property was producing a substantial income over and above administration expenses at the time the mortgage in question was executed and had been doing so from the beginning of the trusteeship, the trust property was in a good state of repair, no taxes were due on it and there was a substantial balance in the hands of the trustee when the mortgage was executed. The appellant challenges the truth of the foregoing as found by the Master but the evidence is ample to support his finding and no reason is shown for reversing him on this point.

Griley, the purchaser of the mortgage was on notice of these facts for means were available by which he could have advised himself of them, and the further fact that the trustee had no express power to execute the mortgage. He was also on notice of the fact that any mortgage executed by the trustee for the purpose of preserving the trust must be done by order of the court. Not having exercised the means available to ascertain these facts, he cannot now claim that he is a purchaser in due course or that he is an innocent purchaser for value.

Were the beneficiaries of the trust estate necessary parties to the foreclosure suit is also a pertinent question urged for our solution.

The Marion Mortgage Company being without the power to name a successor trustee, its designation of the Trust

Company of Florida as such was without authority and void. The Trust Company of Florida was sued in its individual capacity and was referred to in no other capacity. All other pleadings in the foreclosure suit were in the individual capacity of the pleader and the decree was directed to the Trust Company of Florida individually though it held the property as trustee.

Under such a state of facts, the decree was not enforceable against the trust property and was subject to be set aside at any time for the purpose of permitting indispensable parties to be made parties defendant. The law is settled that in suits against the trustee affecting trust property, the trustees as well as the *cestuis que* trust should be made parties defendant. Cary v. Brown, 92 U. S. 171, 23 L. Ed. 469.

Other questions raised have to do with laches, acquiescence, ratification, waiver, and estoppel on the part of the beneficiaries to raise any question as to the validity of the note and mortgage. They all turn on the evidence which has been examined and found ample to support the decree of the chancellor. His finding is challenged by the appellant but we find no basis to reverse him on this point.

In his decree of dismissal, the chancellor reserved to the complainant any right in equity which he might have to be subrogated to the rights of defendants. It is contended that the proceeds of the note and mortgage were used to pay taxes and other legitimate administration expenses of the trust property.

If the Chancellor finds this contention to be well grounded, he should in equity permit the mortgage to be foreclosed for such portion of it as was used in good faith to pay any legitimate expense for operating the trust.

The judgment below is affirmed.

Affirmed.

ELLIS, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., and CHAPMAN, J., concur in the opinion and judgment.

BROWN, J., concurs in the conclusion.

ON MOTION FOR REHEARING

PER CURIAM.—Opinion was filed herein November 18, 1937, affirming the decree of the Chancellor. Petitions for rehearing were filed which have been permitted to be supported by extended briefs. These have been read· and the whole case has been again reviewed.

We find no reason to recede from or modify the doctrine expressed in the opinion heretofore filed except to say that when the mandate goes down the Chancellor may permit the Appellant to proceed with the foreclosure in this cause for such portion of the amount claimed as was shown to have been used in good faith to pay any legitimate expense for operating the trust. This to save the time and expense of a new suit.

This was what was intended by the concluding part of our former opinion which is in all other respects affirmed.

It is so ordered.

ELLIS, C. J., and WHITFIELD, TERRELL, BUFORD and CHAPMAN, J. J., concur.

AN ORDER ON FURTHER MOTION FOR REHEARING.

This cause comes on for disposition on motion of Appellant to make definite the terms of the opinion filed March 30, 1938, wherein we found that Appellant should be permitted to foreclose the mortgage for "such portion or the amount claimed as was shown to have been used in good faith to pay any legitimate expense for operating the trust."

Any legitimate expense for operating the trust has reference to any amounts expended to save the trust property from dissipation and would contemplate any amounts received from the proceeds of the mortgage by the beneficiaries in dividends or betterments.

The motion is overruled.

It is so ordered.

WHITFIELD, TERRELL, BUFORD and CHAPMAN, J. J., concur.

BROWN, J., not participating.