GEORGE L. GRILEY, Trustee, v. MARION MORTGAGE COMPANY, *et al.*

185 So. 734.

Opinion Filed January 13, 1939.

*Price & Price,* for Appellant;

*Grady C. Harris, Marion E. Sibley* and *Whitfield & Whitfield,* for Appellees.

PER CURIAM.—The law of this case was announced in Griley v. Marion Mortgage Company, 132 Fla. 299, 182 So. 297, wherein we held among other things that the Chancellor might permit the mortgage to be foreclosed for such portion of it as was used in good faith to pay any legitimate expense for operating the trust.

On the going down of the mandate in the above case, the Chancellor entered his decree which provided in effect that plaintiff might file an amended bill of complaint or on his election call the matter to the attention of a special master for the taking of testimony on the equities without further pleadings. The following instructions were given for taking the testimony:

"(1)   that the said master first allow the plaintiff to put in such proper proofs as he may offer in support of any

right of the mortgagor-defendant, Marion Mortgage Company, which in equity and good conscience the plaintiff here would be entitled to be subrogated to as against the trust estate (when considered together with the final decree heretofore rendered and opinions of the Supreme Court upon an appeal therefrom);

"(2) that said master shall thereupon allow the defendants a time within which to offer proper proofs relevant to a discharge or credit as against any debt or charge first established (*prima facie*) as aforesaid by the plaintiff herein against said trust estate, and

"(3) that the said master shall allow such rebuttal evidence offered by the respective parties as may be proper.

" 'IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT said master shall thereupon allow the parties a time within which to file their respective requests for findings of fact by said master, after, which the said master shall make his findings of fact upon the issues complying with said requests to the extent that he shall deem proper in consideration of the premises, which findings of fact and conclusions of law he shall report unto this Court with all convenient speed.' "

The instant appeal is from this decree. Appellant contends that as against the procedure ordered by the Chancellor, he should be permitted to foreclose the mortgage but under restrictions in keeping with the decree of this Court in the former appeal.

Reduced to its final analysis, the point of cleavage between Appellant and Appellee is whether or not the Chancellor in making the decree he did departed from the course charted for him by this Court in Griley v. Marion Mortgage Company, *supra.* ·

The effect of the decree appealed from is to require appellant to proceed on the theory of subrogation rather than

in foreclosing as heretofore annunciated by us. A majority of the Court are of the view that in so decreeing, the Chancellor departed from the law as laid down by this Court to control the disposition of the cause.

His decree is therefore reversed with directions to proceed in foreclosure as heretofore directed.

Reversed.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD, and CHAPMAN, J. J., concur.