ERVIN, Judge,
concurring in part and dissenting in part.
I entirely agree with the majority that the trial court erred in refusing to stay its own proceedings as to the counter cross-claim filed by appellants against the trustee bank. I cannot agree, however, with the majority that the issues raised in points II and III have become moot as the result of appellants’ dismissal as parties to the cross-claim of the bank, acting in its capacity as holder of the second mortgage, and I would reverse as to those two points as well.
In affirming the trial judge’s denial of appellants’ motion to dismiss the bank’s cross-claim, the majority has thereby sustained the judgment foreclosing the bank’s second mortgage, notwithstanding that appellants’ counter cross-claim went to the very heart of the bank’s right to foreclose the mortgage; the default of which, it was alleged, resulted from the bank’s breach of its fiduciary relationship with the beneficiaries of the trust. It is a long established rule that fraud or collusion is a proper defense to a mortgage foreclosure suit. Ruff v. Guaranty Title & Trust Co., 99 Fla. 197, 126 So. 383 (1930). Indeed, the sale itself can be set aside upon satisfactory proof of the existence of such grounds. Id.
I am of the view that the outcome of appellants’ action in federal court, relating to its claim that the bank breached a fiduciary relationship with the beneficiaries of the trust, would have res judicata effect on their counter cross-claim pending in the court below. The test for staying a second cause of action filed after another action is instituted in a separate court is that “[t]he identity of the matters involved must be such that a judgment in the first suit could be pleaded' in bar as a former adjudication.” Horter v. Commercial Bank & Trust, 99 Fla. 678, 126 So. 909, 912 (1930). Moreover, if appellants prevail on their counter cross-claim relating to the bank’s breach of a fiduciary relationship, I consider that the judgment could act as a bar to the bank’s cross-claim seeking foreclosure of the second mortgage, insofar as the issues are interrelated, if the lower court had properly stayed the latter proceeding. While there may be a question as to the identity of the causes of action in the two cases for res judicata purposes, I would regard any such prior judgment as acting as an estoppel to the parties from litigating issues in the second suit common to both *1164 causes of action which were actually litigated in the prior action. See Seaboard Coast Line Railroad Co. v. Industrial Contracting Company, 260 So.2d 860 (Fla. 4th DCA 1972); cf. Stevens v. Len-Hal Realty Inc., 403 So.2d 507 (Fla. 4th DCA 1981) (defendants to a later filed mortgage foreclosure suit not barred from raising as an affirmative defense the issue of whether the mortgagee interfered with defendants’ business, thereby affecting their ability to make mortgage payments, because the earlier judgment in a suit seeking declaratory and injunctive relief did not address the issue raised in the affirmative defense to the foreclosure suit).
Although the majority’s opinion permits appellants’ counter cross-claim to remain pending below, any defense relating to the bank’s breach of its duty to the beneficiaries, which appellants might, and properly should, have been permitted to assert against the bank’s suit to foreclose its second mortgage is now denied to them because the majority views such issues moot. The majority apparently relies on appellants’ acquiescence in being dismissed as parties to the bank’s cross-claim seeking foreclosure of the very mortgage which the bank itself defaulted upon. I cannot agree.
I think it important to observe the status of the case at the time appellants “agreed” to the bank’s motion to dismiss them as parties to the cross-claim and to enter judgment of foreclosure only against the bank. The lower court had previously dismissed the Corcorans’ counter cross-claim filed against the bank, without prejudice, however, to their right to prosecute a similar claim in federal court. The Federal Land Bank’s mortgage had been foreclosed upon and the real property which secured the lien sold to Southtrust for $564,000.[1] Subsequently a motion for default was filed by Southtrust Bank against the Corcorans for failure to answer the cross-claim. On the day of the scheduled hearing on the bank’s motions, the Corcorans filed an objection to the foreclosure sale, and a motion to dismiss the bank’s cross-claim or to stay the proceedings. At the outset of the hearing, the attorney for the Southtrust Bank requested that the court enter judgment against the bank only in its capacity as trustee, and not against the Corcorans. The court at that point orally denied the appellants’ motion to dismiss the cross-claim, directed the entry of the default,[2] and announced that it would enter judgment of foreclosure in favor of the bank. The attorney for the bank apparently convinced the court that all it was seeking was a money judgment in favor of the bank’s commercial department against its trust department, and that such judgment would in no way affect the litigation in federal court between the Corcorans and the trustee bank which, among things, went to the issue of the fiduciary breach. The following then occurred:
MR. BLUE [the Corcorans’ attorney]: If the issue is merely to foreclose the Trust Department from questioning the amount of that indebtedness, I have no problem with that, Judge. Is that the purpose of the action?
*1165 MR. GRANT [the attorney for the bank in its capacity as mortgagee of the second mortgage]: Rob, as I say, all I want, the judgement that I would anticipate submitting to the Court says that South Trust [sic] Bank do have and recover of and from the Trust Department “x” number of dollars for which let execution issue.
MR. BLUE: Your Honor, I’m just not satisfied that the ability of the Corcoran family to litigate its issues with the Bank will be available if this judgment is entered. The beneficiaries have a multitude of matters that need to be aired. They’re very complexed [sic]. All of them will require great deal of time and they certainly—
THE COURT: This does not preclude them. This is just between those departments of the bank. One signed the note to the other promising to pay a certain amount of money and this is just a judgment for that amount.
It was only after the court had indicated that it would enter judgment in favor of the bank foreclosing the second mortgage that the Corcorans’ attorney agreed to the entry of the judgment only against South-trust’s trust department. If the appellants could be said to have arguably waived their right to object to the entry of the judgment foreclosing the second mortgage because of their attorney’s conduct at the hearing, their motion for reconsideration of and to aside the final judgment fully afforded the lower court the opportunity to correct the errors complained of now on appeal. Among other things, this motion alleged that the Corcoran cross-defendants are “necessary parties to the cross-foreclosure action and should have been allowed the usual procedural due process rights.”
The lower court was apparently convinced that the entry of the judgment of foreclosure of the bank’s second mortgage did not have to include the Corcorans as parties, because the Corcorans could still pursue their separate claim against the bank in federal court and would remain unaffected by the entry of the judgment. The court’s reasoning was erroneous for two reasons. The first being that the Cor-corans were necessary and indispensable parties to the bank’s cross-claim seeking foreclosure of its mortgage.
The rule is clear that unless such persons are made parties, the court cannot proceed to final judgment. Kephart v. Pickens, 271 So.2d 163, 164 (Fla. 4th DCA 1972), cert. denied, 276 So.2d 168 (Fla.1973); see also Alger v. Peters, 88 So.2d 903 (Fla.1956); Martinez v. Balbin, 76 So.2d 488 (Fla.1954). The Corcorans were necessary and indispensable parties to the suit seeking foreclosure of the second mortgage on the trust property because they were beneficiaries of the trust. All persons having a material interest, either legally or beneficially in the subject matter of the suit, must be made parties in order that a complete decree may be made that is binding on all the parties. Robinson v. Howe, 35 Fla. 73, 17 So. 368 (1895).
The rule announced by the Florida Supreme Court in Griley v. Marion Mortgage Co., 132 Fla. 299, 182 So. 297 (1937), controls the issue of whether the Corcorans were required to be made parties to the suit. In Griley, legal title to certain real property was conveyed by trust deed to the trustee for the benefit of certain beneficiaries of the trust. Subsequently a mortgage foreclosure suit was brought, and the beneficiaries of the estate were not named as parties. In upholding the decree dismissing the mortgagee’s bill of complaint to foreclose the mortgage, the court made the following observations:
Under such a state of facts, the decree was not enforceable against the trust property and was subject to be set aside at any time for the purpose of permitting indispensable parties to be made parties defendant. The law is settled that, in suits against the trustee affecting trust property, the trustees as well as the cestuis que trustent should be made parties defendant. Carey v. Brown, 92 U.S. 171, 23 L.Ed. 469.
182 So.2d at 300 (e.s.).
The lower court also erred in determining that the issues present in the Corcor- *1166 ans’ counter cross-claim could be severed as a defense to the bank’s suit to foreclose its mortgage, and that the two causes of action could proceed independently from the other, therefore not requiring the bank’s suit to be stayed pending the resolution of the issues in federal court. The Corcorans’ counter cross-claim against the bank, however, is one that is properly characterized as a compulsory counterclaim to the bank’s foreclosure suit, in. that it “arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.” Florida Rule of Civil Procedure 1.170(a). Generally, the effect of a party’s failure to file a compulsory counterclaim precludes him from asserting such right in a separate action. See State ex rel Rosenfeld v. Boyer, 145 So.2d 547 (Fla. 1st DCA 1962). An exception recognized by the rule occurs “if ... at the time the action was commenced the claim was the subject of another pending action_” This language has been interpreted to mean that “although a defendant is not required to plead a compulsory counterclaim where the claim is the subject of another pending action, the ... rule clearly gives the defendant the option to counterclaim if he so desires.” 40 Fla.Jur.2d Pleadings § 108, p. 146 (1982) (e.s.). In the case at bar the appellants made such election, yet their cross counter-claim was dismissed. Such was error.
The issues raised in the counter cross-claim were inextricably linked to the question of the bank’s right to foreclose its mortgage on property over which it had been made trustee for the benefit of appellants. The issues existing in both parties’ claims could not be tried separately from the other. It was therefore error for the lower court to enter judgment of foreclosure before the Corcorans had the opportunity to present their defenses to such suit.
I would therefore reverse as to all points raised and remand the cause with the following directions: (1) reverse the judgment of foreclosure in favor of Southtrust Bank; (2) set aside the order denying the motion to stay the bank’s cross-claim; (3) vacate the default; (4) permit appellants to file an answer to the cross-claim; and (5) stay the cause thereafter pending the outcome of the action in federal court.

. In addition to the $564,000 successful bid by Southtrust, Southtrust has recovered a judgment against itself as trustee in the amount of $674,-101.61, resulting from its default in its capacity as trustee to pay timely the note secured by the mortgage on the trust property. Appellants state in their brief that when the property was deeded to the bank as trustee, it was valued at over $2,000,000, with a debt of approximately $500,000, and that when the Federal Land Bank's mortgage was foreclosed five years later, the debt had risen to over $1,000,000, with Southtrust taking ownership of the property in its individual capacity. Whether all of these statements can be proven is, of course, speculative, but the point is that the Corcorans have as yet been given no opportunity to establish any defense relating to the mismanagement of the trust, which clearly would have an effect on Southtrust’s right to foreclose its second mortgage.

. If the lower court considered the Corcorans' motions as untimely filed, then any such ruling would clearly be error. Florida Rule of Civil Procedure 1.500(c) permits a defendant the right to plead or defend any time before the entry of default. And a motion to dismiss tolls the time for filing an answer if filed before a default is entered. Board of Regents, State of Florida v. Hardin, 393 So.2d 1134 (Fla. 1st DCA 1981).