589 So.2d 410 (1991)
Zoe Gail McLENDON, Appellant,
v.
Helen Marie (Farley) SMITH, Appellee.
No. 91-253.
District Court of Appeal of Florida, Fifth District.
November 14, 1991.
T. Michael McKnight of Matusek, McKnight, Hudson & Jaspers, P.A., St. Petersburg, for appellant.
Dennis P. Waggoner of Hill, Ward Henderson, P.A., Tampa, for appellee.
PETERSON, Judge.
Zoe Gail McLendon appeals the dismissal of her personal injury claim for failure to serve the defendant with process within 120 days after filing her complaint as required by rule 1.070(j), Florida Rules of Civil Procedure. She alleges that the trial court abused its discretion in finding that she had not demonstrated good cause for failure to comply with the 120-day rule.
McLendon and Helen Marie Farley Smith were involved in a two-car automobile accident on March 3, 1986. Smith died two weeks later. On March 2, 1990, McLendon filed the personal injury complaint against "Helen Marie (Farley) Smith," but the fact of her death was not mentioned. Also on March 2, 1990, McLendon's attorney visited George Smith, the decedent's widower, to determine whether he wished to be appointed as the personal representative of his deceased wife's estate; Mr. Smith declined. On March 9, 1990, McLendon's attorney sent letters to all of the heirs of the decedent, inquiring whether any of them wished to be appointed. On March 12, Mr. Smith's son called the attorney, informing *411 him that Smith would act after all and that Smith would sign the oath required of a personal representative upon his discharge from the hospital where he was then located. On April 2, 1990, the executed oath was received and submitted to the probate court in which McLendon had filed a petition for Smith's appointment.
On April 6, 1990, the circuit court judge, to whom the probate matter was assigned and who was also the judge to whom the personal injury action had been assigned, ordered that a hearing be held on the appointment of a personal representative. The hearing was held on May 14, 1990, and McLendon's attorney was instructed by the trial court to give Smith an opportunity to file a petition to obtain appointment as personal representative rather than having McLendon file the petition for Smith's appointment. The reason for this procedure is not apparent from the record nor from the statutory requirements. Section 733.202, Florida Statutes (1989), does not require that the petitioner seek appointment as the personal representative.
On June 1, 1990, McLendon's attorney wrote to Smith, advising him of the trial court's requirement and asking him to respond within twenty days. When Smith failed to respond, McLendon petitioned for her own appointment as personal representative. She served notice of her petition upon the beneficiaries of the decedent's estate. Finally, on August 23, 1990, McLendon was appointed as personal representative.
On September 7, 1990, McLendon filed an amended complaint, alleging the defendant's death and McLendon's appointment as the decedent's personal representative. A summons was prepared directing the sheriff to serve it and the complaint upon "Zoe Gail McLendon," and it was served upon the plaintiff on September 18, 1990.
On October 11, 1990, a motion to dismiss was filed on the grounds of failure to serve process within 120 days after filing of the initial proceeding pursuant to rule 1.070. The motion was filed by "Defendant, the Estate of Helen Marie (Farley) Smith." The trial court granted the motion and, in a written order, specifically set forth the grounds for its action:
1. The court's own recollection of the events.
2. Failure to show good cause.
3. Plaintiff's failure to determine the status of the decedent's estate until the day before the statute of limitations expired.
4. Plaintiff's failure to perfect service on the personal representative of decedent's estate until six and one-half months after the complaint was filed.
5. Plaintiff could have easily affected service within the time prescribed by the rules by taking reasonable and timely steps to set up an estate through the usual and customary manner.
During our review of the record in this case, we noted deficiencies in service of process and in the motion to dismiss that we cannot ignore. First, there has been no service or waiver of service of process nor any response to the complaint by the personal representative of the estate. "Zoe Gail McLendon, as personal representative of the estate of Helen Marie Farley Smith, deceased," is the appointed entity representing the estate, yet that entity has never been served, nor has she made any response. True, McLendon has been served with process in her individual capacity, but this is not sufficient to subject the estate to the jurisdiction of the court in the personal injury action. The Mac Organization v. Harry Rich Corp., 374 So.2d 81 (Fla. 3d DCA 1979) ("Proper service of process is indispensable to the jurisdiction of a court to adjudge the competing claims of parties to a litigation."). In American Hospital of Miami, Inc. v. Nateman, 498 So.2d 444 (Fla. 3d DCA), review denied, 500 So.2d 543 (Fla. 1986), on the summons, after the directions to the sheriff to serve the summons and a copy of the complaint on the defendant, were the typewritten words: "John Mudd ... As Resident Agent for AMERICAN HOSPITAL OF MIAMI, INC." The complaint accompanying the summons named American Hospital, not Mudd, as the defendant. The Third District, *412 in finding the motion to quash service was properly denied, held that "a technical variance between the summons and the complaint which does not result in prejudice to the defendant does not serve to invalidate the service." Id. at 446. In the instant case, no such technical variance or minor deficiency exists. The summons, unlike the summons in American Hospital, failed altogether to summon the defendant; it summoned the plaintiff, Zoe Gail McLendon. Additionally, there has been no response to the action by a legally recognizable entity which could indicate a waiver of the necessity for service of process. Martino v. Florida Insurance Guaranty Ass'n, 383 So.2d 942 (Fla. 3d DCA 1980). The motion to dismiss was filed by a non-entity, "the Estate of Helen Marie (Farley) Smith." It was not until oral arguments were presented that we determined that the motion was in fact filed by the decedent's insurance company, a non-party to the action. A summary of the status of the personal injury action is that an amended complaint was filed, but neither process has been served nor has a response been made by a defendant to the action. In short, this action is without a defendant. The defendant is Zoe Gail McLendon as personal representative of the estate of Helen Marie Farley Smith, and neither she nor an "administrator ad litem"[1] has been served with process or has filed a response to the complaint.
Since no recognizable response has been made to the complaint, we vacate the order of dismissal and remand to the trial court for further proceedings.
Order VACATED; REMANDED.
COWART and DIAMANTIS, JJ., concur.
NOTES
[1] Rule 5.120, Florida Rules of Probate & Guardianship Procedure, provides for the appointment of an administrator ad litem when the personal representative may be interested adversely to the estate or is enforcing his own debt or claim against the estate.