888 So.2d 159 (2004)
Eric ALVAREZ, Appellant,
v.
Sherry SINGH, Appellee.
No. 5D04-927.
District Court of Appeal of Florida, Fifth District.
December 3, 2004.
Howard Friedman of Heller & Friedman, P.A., Orlando, for Appellant.
No Appearance for Appellee.
SHARP, W., J.
Alvarez appeals from an order rendered after he filed a motion for relief from a final judgment which required him to pay Singh child support and arrearages for *160 their minor child, Victor Niko Garcia. We affirm in part and reverse in part.
The record in this case discloses that Alvarez and Singh were not married, and for a period of time Alvarez did not know whether Victor was his child. Singh filed for a judgment of paternity, and a Final Judgment of Paternity and Related Relief was entered. The court ordered child support retroactively at a rate of $638.33 per month, and found that the retroactive arrearages were $41,589.78. It ordered Alvarez to pay twenty percent of the total sum,[1] or $127.66 per month, in arrearages until Victor attained his majority. At Victor's majority, the entire amount of child support was to continue until the arrears were paid in full. The total payment Alvarez was to make, pursuant to the final judgment, was $765.99 per month.
Three months later, Alvarez filed this Supplemental Petition for Modification of Child Support/Motion for Relief From Final Judgment, in which he asked for a downward reduction in child support. In the petition he claimed the court erred in imposing day care costs of $95.92. He also alleged that his health insurance premium, including that portion for Victor, had increased, and that his income had decreased.
A hearing on the modification petition was held before a successor judge. At that hearing, Singh's attorney advised the court that Singh's parents cared for Victor after school and that she was not, in fact, incurring this expense. The judge reduced Alvarez' child support payment by the amount of the day care expenses, but ordered Alvarez to continue to pay the same total amount of child support-$765.99. The court directed that the $95.92 would be credited against the arrearages.
Alvarez objected to the increased arrearage repayment and his attorney advised the court that the final judgment stated that Alvarez was to pay the arrears at the rate of 20 percent of his ongoing child support payment. He explained that although Alvarez was current on his child support payments, he had been unable to make any payment on the arrearage amount. Counsel argued that if the rate of repayment was being increased, the court should consider testimony concerning Alvarez' financial circumstances and his reduced income. The judge denied this request and told Alvarez that if he did not pay the full amount, he was going to throw him in jail.
The only issue before the judge at the modification hearing was the possible reduction of child support. Singh filed no pleading, motion or request for affirmative relief, in the form of an increase in payment. A trial court is without jurisdiction to hear and determine matters not subject to appropriate pleadings and notice. See Cortina v. Cortina, 98 So.2d 334 (Fla.1957); Byers v. Callahan, 848 So.2d 1180 (Fla. 2d DCA 2003); Todaro v. Todaro, 704 So.2d 138, 139 (Fla. 4th DCA 1997).
In a case analogous to this one, Newberry v. Newberry, 831 So.2d 749 (Fla. 5th DCA 2002), this court held that a petition for contempt for nonpayment of child support did not authorize the trial court to reduce the child support amount because the reduction issue had not been raised by either party. Similarly, in this case we *161 find that the court erred in increasing the arrearage payments because this issue was not raised in any pleadings and was not before the court. Newberry.
After deducting the $95.92 for child care costs, Alvarez's new child support payment is $542.41. Because the final judgment requires arrearages to be paid at the rate of "20% of the guidelines child support amount" the arrearage payment should be reduced to $108.48, for a total payment of $650.89. We remand for rendition of an order consistent with this opinion.
AFFIRMED in part; REVERSED in part; REMANDED.
PALMER and TORPY, JJ., concur.
NOTES
[1] Paragraph 6 of the final judgment provides:

Payments shall be retroactive to two years prior to the filing of this Petition. Reimbursement will be at the rate of 20% of the guidelines child support amount. Payments after the age of majority of the child are contemplated and shall remain at the same amount until the arrearages are satisfied. The father shall receive credit for $540.00 he paid upon the birth if [sic] the child. (Emphasis added)