932 So.2d 400 (2006)
In re ESTATE OF Pamela Jane Andreas STISSER.
Lowell W. Andreas and David L. Andreas, as Cotrustees of the Second Restatement of Pamela Andreas Stisser Grantor Trust Agreement, dated June 6, 2001, Appellants,
v.
Vernon L.E. Stisser, Jr., as Personal Representative of the Estate of Pamela Jane Andreas Stisser, Appellee.
No. 2D05-2918.
District Court of Appeal of Florida, Second District.
April 7, 2006.
Rehearing Denied June 29, 2006.
*401 Harold N. Hume, Jr., Ernest H. Hatch, Jr., and J. Matthew Belcastro of Henderson, Franklin, Starnes & Holt, Fort Myers, for Appellants.
Robert W. Goldman of Goldman Felcoski & Stone, P.A., Naples, for Appellee.
DAVIS, Judge.
In this appeal from the probate court's order refusing to quash service of process upon Lowell W. Andreas and David L. Andreas ("Cotrustees"), as cotrustees of the Second Restatement of Pamela Andreas Stisser Grantor Trust Agreement, dated June 6, 2001, the Cotrustees argue that the probate court erred in finding that it had jurisdiction over the persons of the Cotrustees and over the trust res itself. We agree and reverse.
We have jurisdiction to review this appeal in view of the probate court's decision to leave the Cotrustees in the case as parties defendant. See Fla. R.App. P. 9.130(a)(3)(C)(i).
On June 6, 2001, Pamela Stisser, a Minnesota resident, executed a restatement, or amendment, of her inter vivos trust. She executed the document in Minnesota, where the trust assets were then and are now located. Both Cotrustees, her brother and her father, were Minnesota residents. Pursuant to a provision in the trust agreement which specifies that Minnesota law would control its administration, the trust has always been administered in Minnesota. Some time after executing the trust agreement, Pamela and her husband, Vernon, moved to Florida, where Pamela died. Vernon L.E. Stisser, Jr., as personal representative of the Estate of Pamela Jane Andreas Stisser ("the Estate"), began probate proceedings.
Because the trust document contains a provision stating that the Cotrustees shall, at the request of the personal representative, pay certain estate taxes and expenses out of the trust assets, Vernon Stisser requested the Cotrustees pay these taxes and expenses. When the Cotrustees refused to pay, Stisser filed an action in the Florida probate proceeding, entitled, "Complaint for Determination of Trustees' Duties." In it, he alleged that he was the personal representative of the Estate and that Lowell and David Andreas were the cotrustees of the trust. He stated that the complaint's purpose was as follows: "This is an action to determine the trustees' responsibility to the estate and to resolve a question concerning the administration of the probate estate." In the prayer for relief, Stisser asked the court to determine that "the trustee is required to pay estate expenses requested by the personal representative and grant such additional relief as the Court deems appropriate."
The Cotrustees[1] filed a motion to quash service upon them, arguing that the probate *402 court lacked jurisdiction over them personally due to their Minnesota residency and due to the fact that the probate court lacked jurisdiction over the trust res itself, which was also located in Minnesota. Thus they argued that the court lacked jurisdiction to rule on Stisser's complaint. We agree.
In order to rule on the complaint, the probate court was required to interpret the terms of the Minnesota trust agreement, which provided the parameters for the Cotrustees' responsibilities, and to issue an order determining whether the Cotrustees were required to pay the estate expenses out of the trust assets, as requested by Stisser.
However, the probate court could not enter such a ruling in the absence of the Cotrustees. "`The law is settled that, in suits against the trustee affecting trust property, the trustees as well as the cestuis que trustent should be made parties defendant.'" First Nat'l Bank of Hollywood v. Broward Nat'l Bank of Fort Lauderdale, 265 So.2d 377, 378 (Fla. 4th DCA 1972) (quoting Griley v. Marion Mortgage Co., 132 Fla. 299, 182 So. 297, 300 (1937)). The general rule is that a "trustee is an indispensable party in all proceedings affecting the estate." Id. Yet, in the instant case, both the probate court and the parties appeared to agree that the court did not have personal jurisdiction over the Cotrustees. The probate court stated that it did not require personal jurisdiction over the Cotrustees and proceeded without it in the mistaken belief that it had in rem jurisdiction, which it believed was sufficient. Stisser conceded at the hearing that the probate court did not have personal jurisdiction over the Cotrustees.
Given the fact that the law requires the probate court to have personal jurisdiction over the Cotrustees of a trust in order to enter a ruling affecting the corpus of the trust and given the fact that the court lacked such jurisdiction over the Cotrustees, the probate court was without authority to rule on the complaint filed by Stisser. We conclude therefore that the probate court erred in denying the Cotrustees' motion to quash service of process and in taking jurisdiction over the instant case. Accordingly, we reverse.
Reversed.
STRINGER and WALLACE, JJ., Concur.
NOTES
[1] At some point during these proceedings, Pamela's father, Lowell Andreas, resigned from his duties as trustee, leaving Pamela's brother, David, as the sole trustee.