982 So.2d 11 (2008)
R.C. CHAFFIN, Appellant,
v.
Robert Clay OVERSTREET, Co-Trustee, etc., Appellee.
No. 5D07-224.
District Court of Appeal of Florida, Fifth District.
March 14, 2008.
*12 Marcia K. Lippincott of Marcia K. Lippincott, P.A., Lake Mary, for Appellant.
Meredith Pitts Smith and Neal P. Pitts of Pitts Law Group, Orlando, for Appellee.
THOMPSON, E., Senior Judge.
R.C. Chaffin appeals the probate court's order denying his petition to remove Robert Clay Overstreet as co-trustee of the Overstreet Family Trust. The probate court held that there was no legal or factual basis to remove Clay as co-trustee. We affirm in part and reverse in part.
R.C. Chaffin and Robert Clay Overstreet, also known as Clay, are co-trustees of the Overstreet Family Trust. The Trust's only asset is a cattle ranch, including the land, buildings and tools essential for the operation of the enterprise. Clay is the son of Jennings and Joanne Overstreet, who are deceased. Jennings Cole Overstreet, known as Cole, is Clay's twelve-year old son. The Overstreet Family Trust states that "[i]f ROBERT CLAY OVERSTREET is unable (as certified in writing by two (2) Physicians) or unwilling to serve as Co-Trustee, the other nominated Trustee may serve alone."
Chaffin is a businessman and family friend of the Overstreets. He is also the personal representative of the Estate of Joanne Overstreet, and the sole trustee of the Jennings Overstreet Trust and the *13 Joanne Overstreet Trust. Clay and Cole are equal beneficiaries of the aforementioned trusts, including the Overstreet Family Trust.
On 6 June 2006, Chaffin, acting as the Personal Representative of Joanne's Estate, as Successor Trustee of the Jennings Overstreet Trust, as Successor Trustee of the Joanne Overstreet Trust, and as co-trustee of the Overstreet Family Trust, filed for the appointment of a guardian ad litem and an attorney ad litem for Cole. Chaffin's stated purpose for the petition was to ensure that Cole's interests were maintained and protected. The court appointed Chaffin guardian ad litem and the attorney ad litem on 11 July 2006.
On 12 September 2006, Chaffin, acting as the personal representative of Joanne's estate, filed a Petition to Remove Robert Clay Overstreet as Co-Trustee of the Overstreet Family Trust. Chaffin alleged that Clay was "presently `unable' to serve as Co-trustee of the Overstreet Family Trust." Chaffin sought to be the sole trustee or to serve as co-trustee with his wife.
The Petition to Remove was heard on 21 November 2006. At the hearing, the parties presented conflicting testimony regarding Clay's intelligence and mental state, possible drug use, parenting of Cole, and involvement in the Overstreet Family Trust. It is important to note that Chaffin failed to produce written certification from two physicians stating that Clay was unable to perform his duties.
During the hearing, the trial judge also inquired about the sale of the Ham Brown Road property, which was fifty acres given in trust to Cole in the Jennings Overstreet Trust. Because the property was not part of the Overstreet Family Trust, Chaffin argued that the probate court lacked jurisdiction to rule on this issue. Nevertheless, the probate judge found that Chaffin did not have authority under the language of Jennings' trust instrument to sell the property. Shortly thereafter, the probate judge announced that he was requiring yearly accountings on everything that goes through the trust or probate estate.
On 20 December 2006, the probate court entered its Order on Petition to Remove Clay Overstreet as Co-Trustee of Overstreet Family Trust. The probate court found that none of Chaffin's testimony "is remotely relevant to the grounds stated in the trust agreement upon which the removal of a trustee may be sought." Additionally, the probate court found that there was no evidence to conclusively establish that Clay "is mentally incompetent or that the cattle business has suffered significant harm because of his neglect or inaction." The Order made the following rulings:
1. Robert Clay Overstreet shall remain as co-trustee of all trusts he has an interest in.
2. Robert Clay Overstreet is allowed to expend such trust money as is necessary to defend the attack being made upon his status as Co-Trustee.
3. [The Ham Brown Road property and the Overstreet Family Ranch] should be maintained for the beneficiaries of the trust as the intent of the deceased father and mother is clearly set out in their respective wills for the benefit of the heirs of their bodies.
4. There will be an annual accounting done before June 30'x' of each year thereafter accounting for all monies spent or received by the trusts for any reason.
5. All cattle, vehicles, rolling stock or equipment will be accounted for in said accounting as mentioned above. No real estate shall be listed or sold from said trusts without first obtaining three appraisals from CERTIFIED *14 GENERAL APPRAISERS not connected with one another and will include one from the county in which the land is located.
6. The trustees and beneficiaries must agree on any sale of property as being in the best interest of the trust and beneficiaries thereof.
7. The Court further finds that a trustee does not have standing to enjoin a co-trustee from entering on the property in any trusts in issue.
Chaffin sought the issuance of a Writ of Prohibition/Certiorari, which was denied. Chaffin then filed a Notice of Appeal from the Order on Petition to Remove Robert Clay Overstreet as Co-Trustee of Overstreet Family Trust.
On appeal, Chaffin argues that the probate court had the inherent power to remove Clay as Co-Trustee even though the trust document provided that the only method for trustee removal was written certification from two physicians. However, this argument ignores the court's finding that there was no good factual cause, independent of the physician requirement, to remove Clay. The judge found, after weighing the credibility and testimony of the witnesses, that there was no "clear showing of abuse or wrongdoing in the actual administration of the trust." Thus, removal was unwarranted regardless of the court's legal power to remove Clay, and we find competent, substantial evidence to support the court's ruling.
We next find that Chaffin's due process rights were violated when the probate court considered issues other than the Petition to Remove Clay. The only matter noticed for hearing was whether Clay should be removed as the co-trustee of the Overstreet Family Trust. Thus, the probate court lacked jurisdiction over the Ham Brown property because the issue was not sufficiently raised by the pleading and noticed for hearing. See Alvarez v. Singh, 888 So.2d 159 (Fla. 5th DCA 2004).
In addition, we find that Chaffin was before the court solely in his capacity as co-trustee of the Overstreet Family Trust and the probate court lacked jurisdiction over any other trusts. Although Chaffin sought the appointment of the guardian ad litem and the attorney ad litem in his capacity as trustee of the Jennings Overstreet Trust and the Joanne Overstreet Trust, this was insufficient to constitute a general appearance by Chaffin in these capacities. See McKelvey v. McKelvey, 323 So.2d 651, 653 (Fla. 3d DCA 1976) (holding that a general appearance will ordinarily be effected by making any motion involving the merits of a plaintiff's claim and his or her right to maintain the suit and secure the relief sought); Snipes v. Chase Manhattan Mortg. Corp., 885 So.2d 899 (Fla. 5th DCA 2004). Accordingly, we find that, while Clay is entitled to the use of Overstreet Family Trust money to obtain counsel to defend against attacks brought by Chaffin, the probate court lacked jurisdiction to award Clay trust money from any other trusts. See In re Estate of Stisser, 932 So.2d 400, 402 (Fla. 2d DCA 2006) (holding that trustees are indispensable parties and the probate court must have jurisdiction over the trustees in order to enter a ruling affecting the corpus of the trust); McLendon v. Smith, 589 So.2d 410 (Fla. 5th DCA 1991) (holding that presence in one capacity does not subject a party in another capacity to the jurisdiction of the court).
Next, we find that there is no evidence that Chaffin abused his discretion as trustee, and, therefore, there is no basis for judicial supervision of a trust. See DeMello v. Buckman, 916 So.2d 882, 886-887 (Fla. 4th DCA 2005); Cohen v. Friedland, 450 So.2d 905 (Fla. 3d DCA 1984). *15 There is nothing in the record to suggest that Chaffin exceeded the limits of the discretion conferred upon him as trustee or that he acted out of improper motives.
Finally, we find that a trustee has no standing to enjoin a co-trustee from entering on property owned by the Overstreet Family Trust. The Trust language clearly states that the trustees are permitted "to have title to and possession of all real or personal property held in these trusts. . . ." We find all other arguments to be irrelevant or constitute harmless error.
We affirm the trial court's order denying Chaffin's petition to remove Robert Clay Overstreet as co-trustee of the Overstreet Family Trust and reverse the trial court's order as it relates to other trusts where inadequate notice was given to R.C. Chaffin.
AFFIRMED in part; REVERSED in part.
TORPY and LAWSON, JJ., concur.