DAMOORGIAN, J.
Marcia Beekhuis appeals the probate court’s non-final “Order Granting Emergency Motion to Appoint Court Monitor and to Enjoin Trustee from Sale of Ward’s Home and Request for Immediate Injunction.” Beekhuis argues, among other things, that the probate court did not have jurisdiction over the trust assets or her as trustee of the Irene Morris Revocable Trust. We agree and reverse.
Irene Morris is the mother of Appellant, Marcia Beekhuis, and Appellee, Steven Morris. Irene Morris created a trust which provided that Morris and her daughter would serve as co-trustees. Under the terms of the trust, if two medical doctors opined that a trustee was legally disabled, then that trustee would be deemed incapacitated and the other co-trustee would assume the duties of the incapacitated trustee. In 2010, Beekhuis, individually and not in her capacity as co-trustee, filed a petition to determine whether her mother was incapacitated and to appoint a plenary guardian. The petition did not refer to the trust. Steven Morris filed a counter-petition. Ultimately, the probate court entered an “Order Appointing Plenary Guardian of Person and Property” and issued “Letters of Plenary Guardianship of the Person and Property” naming Steven Morris as the guardian.
Soon thereafter, Steven Morris filed several motions in the guardianship proceeding, in which he sought to have his sister removed as trustee of his mother’s trust and to compel the trustee to relinquish assets. In response, Beekhuis made limited appearances only in her individual capacity, arguing that the probate court lacked jurisdiction over the trustee and the trust property in the guardianship proceeding. Beekhuis participated in the guardianship proceeding only in order to remove Steven Morris as guardian and engage in discovery.
Ultimately, Morris filed an “Emergency Motion to Appoint Court Monitor and to Enjoin Trustee from Sale of Ward’s Home and Request for Immediate Injunction.” Without notice or hearing, the probate court entered an ex parte order prohibiting the sale of Irene Morris’ homestead *1116 and directed Beekhuis, as trustee, to convey the property from the trust to Steven Morris. Beekhuis sought reconsideration, or in the alternative, to dissolve the injunction. The probate court never ruled on her motion. This appeal follows.
Beekhuis argues that the probate court did not have jurisdiction over the trust or its trustee because she “filed no pleadings and sought no relief in her capacity as [tjrustee and did not subject either herself or the trust to the jurisdiction of the probate court.” See Chaffin v. Overstreet, 982 So.2d 11, 14 (Fla. 5th DCA 2008) (explaining that appearing before the probate court in one capacity does not subject that party in a separate capacity to the jurisdiction of the court); see also Mfrs. Nat. Bank of Detroit v. Moons, 659 So.2d 474, 475 (Fla. 4th DCA 1995) (holding that the probate court did not have jurisdiction over the trustees because there was no service of process on trustees and the trustees did not voluntarily submit to the jurisdiction of the court).[1]
We conclude that it was error for the probate court to assert jurisdiction over the trust property and Beekhuis, in her capacity as trustee, when the original pleadings never raised any claim over the trust or its property, and Beekhuis continually asserted that the court lacked jurisdiction over the trust and trustee. See Chaffin, 982 So.2d at 14. Our holding renders moot the other issues raised on appeal.

Reversed.

WARNER and CONNER, JJ., concur.

. In addition to the issue addressed in this opinion, Beekhuis argued that the ex parte order failed to comply with section 744.1075, Florida Statutes (2011) and rule 5.720, Florida Probate Rules. We find merit to her claims, but need not address them in light of the probate court’s lack of jurisdiction.