SLEET, Judge.
Richard Inglis, as trustee of the Berlinger Discretionary Trusts,[1] appeals two orders entered by the trial court. He appeals the portion of the court’s omnibus order issued November 27, 2012, that granted Roberta Sue Casselberry, the former wife, a continuing writ of garnishment over any disbursements made from the *390 Berlinger Discretionary Trusts to or for the benefit of Bruce Berlinger, the former husband. He also appeals the nonfinal order rendered on the same date that made Inglis, as trustee, a party to the former wife’s postdissolution action and subject to the continuing writs of garnishment. Specifically, Inglis argues that the trial court did not have personal jurisdiction over him as the trustee to the Berlinger Discretionary Trusts.
We affirm the order imposing continuing writs of garnishment without further comment. See Berlinger v. Casselberry, No. 2D12-6470, 133 So.3d 961, (Fla. 2d DCA Nov. 27, 2013). We write only to address the circuit court’s order substituting Inglis as a party. Because we agree that Inglis voluntarily submitted himself to the court’s jurisdiction, we affirm.
I. BACKGROUND
This case arises from the same set of suspect circumstances outlined in the companion case, Berlinger, slip op. at 1-6, 133 So.3d at 961. In summary, Berlinger and Casselberry divorced after thirty years of marriage. Pursuant to a marital settlement agreement, ratified by the court and incorporated into the final judgment of dissolution, Berlinger agreed to pay Cas-selberry $16,000 a month in permanent alimony. While continuing to live on the substantial proceeds of the family trusts, Berlinger voluntarily stopped paying alimony in May 2011.
When Berlinger stopped paying alimony, Casselberry filed a motion to enforce and for contempt. In August 2011, the parties were able to reach a settlement wherein Berlinger agreed to satisfy a portion of his alimony arrears by liquidating an IRA account. Because a substantial sum remained owing in arrears following the liquidation, the court issued writs of garnishment to SunTrust as the corporate trustee to the Berlinger Discretionary Trusts. When Berlinger continued to avoid his support obligations, Casselberry filed a second motion for civil contempt and enforcement against him. On January 17, 2012, the court issued additional writs of garnishment against SunTrust. Cassel-berry then filed a motion for continuing writ of garnishment against SunTrust seeking to attach the present and future distributions made to or for the benefit of Berlinger from any trust. Berlinger’s attorney, Michael Presley, filed a response in opposition to garnishment on behalf of SunTrust. The trial court set a hearing on that motion for November 6, 2012.
Although a wealthy man, Berlinger undertook an inordinate amount of legal maneuvering to avoid his support obligation to Casselberry. To thwart Casselberry’s attempts to enforce his support obligation, he appointed his attorneys, including In-glis, as trustees to the Berlinger Discretionary Trusts and discreetly transferred his residential property, worth $1,386,000, into a previously undisclosed trust, the Schweiker-Berlinger Irrevocable Life Insurance Trust, of which he was the sole beneficiary. Attorney Presley enlisted the assistance of his longtime friend, Inglis, to prepare the deeds and set up the new trust.
On June 12, 2012, while the garnishment and family law matters were proceeding, the Twentieth Judicial Circuit Probate Court, in Case No. 11-559-CP, removed SunTrust as the corporate trustee of the Berlinger Discretionary Trusts and appointed and substituted Inglis as the new corporate trustee. Pursuant to the court’s order and upon the instructions of Inglis, SunTrust transferred all of the funds and assets of the Berlinger Discretionary Trusts to Inglis’s designated custodian, Rochdale, a securities firm. Inglis immediately assumed the role as trustee and *391 managed the funds and disbursements. Thereafter, attorney Presley filed a motion on behalf of SunTrust and Inglis seeking substitution of Inglis for SunTrust as a party to the family law case.[2] Inglis personally filed a motion in opposition to Cas-selberry’s discovery requests and a motion in limine to prevent discovery of privileged documents related to the trusts. Additionally, Presley, Inglis, and Berlinger pursued a joint defense agreement in the family law case.
On October 13, 2012, Gary Rudolf, an attorney for SunTrust, noticed an amended motion for substitution of the trustees for hearing on November 6, 2012. The notice was served on Berlinger, Casselber-ry’s counsel, and attorney Presley, who represented both Inglis and Berlinger. On November 5, 2012, one day before the hearing, Inglis withdrew his motion for substitution and filed an action for declaratory relief seeking a declaration that the family trusts at issue were discretionary trusts.
During the November 6, 2012, hearing, Inglis voluntarily appeared and testified that he had already assumed the role of special trustee. He testified that for the past year, the trustees directed that payments be made on behalf of Berlinger to his creditors and utilities, instead of to Berlinger. He acknowledged that Sun-Trust distributed all of the trust assets to him with a final accounting. He testified that the trusts were discretionary and opined that the applicable trust statute, section 736.0504, Florida Statutes (2011), prohibits any creditor, including Cassel-berry, from attaching any distributions paid on behalf or for the benefit of the beneficiary, Berlinger. The trial court sustained repeated objections to attorney Presley’s attempts to offer Inglis’s legal opinion in his capacity as special trustee. The court affirmed that Inglis was formally the special trustee and that he stepped into the shoes of SunTrust; however, the court determined that Inglis should not be allowed to offer further legal conclusions.
Attorney Presley objected to Casselber-ry’s attempt to question Inglis about the deed transferring Berlinger’s residential property to the Schweiker-Berlinger Irrevocable Life Insurance Trust and referred to Inglis’s motion in limine for support. Attorney Presley sought additional relief on behalf of Inglis by requesting that Cas-selberry be prohibited from obtaining certain records concerning distributions from the trust.
During the hearing, the court informed Inglis that there was a hold on the trust assets and funds to comply with the original writs of garnishment. Inglis replied that as the trustee, he had set aside enough funds to comply with the existing writs and to fulfill any additional writs that might be awarded by the court. Inglis expressly agreed to be substituted for SunTrust.
On November 27, 2012, the trial court entered orders granting continuing writs of garnishment against the Berlinger Discretionary Trusts and granting the motion for substitution, which substituted Inglis as the garnishee as to the continuing writs of garnishment. SunTrust remained the garnishee as to the January 17, 2012, writs already granted and in effect prior to In- *392 glis’s appointment. Inglis and Berlinger pursued separate appeals. See Berlinger, slip op. at 1,133 So.3d at 963.
II. ANALYSIS
Inglis argues that the trial court did not have personal jurisdiction over him as special trustee and the trust because the court did not grant the motion for substitution until the same date it granted the continuing writ of garnishment. He contends that once the probate court removed SunTrust from the position of corporate trustee, the trial court lost jurisdiction over the Berlinger Discretionary Trusts in the garnishment and family law action until the motion for substitution was granted on November 27, 2012. We disagree.
Equity will not countenance such an argument that elevates form over substance. Inglis voluntarily submitted himself to the jurisdiction of the family law court when he was appointed as the special trustee of the Berlinger Discretionary Trusts, filed motions seeking relief in family court, and voluntarily appeared as the trustee at the November hearing in family court. The general rule in Florida is that a trustee is an indispensable party in all proceedings affecting the estate. In re Estate of Stisser, 932 So.2d 400, 401 (Fla. 2d DCA 2006). In order to exercise personal jurisdiction over the trustee or the trust, either service of process must be made on the trustee or the trustee must voluntarily submit to the court’s jurisdiction. See Beekhuis v. Morris, 89 So.3d 1114, 1116 (Fla. 4th DCA 2012); see also Grand Couloir Corp. v. Consol. Bank, N.A., 596 So.2d 697, 699 (Fla. 2d DCA 1992).
In support of his argument, Inglis relies on Beekhuis, 89 So.3d at 1114. Beekhuis and her mother were co-trustees of a trust created by Beekhuis’s mother. Id. at 1115. According to the terms of the trust, if one trustee became incapacitated, the other trustee would assume the duties of the incapacitated trustee Id. Beekhuis, in her personal capacity, initiated proceedings to determine whether her mother was legally incapacitated. Pursuant to those proceedings, the court appointed Beek-huis’s brother as their mother’s guardian. Id. Within the guardianship proceedings, the brother filed several.motions seeking to remove Beekhuis as trustee and to compel her to relinquish the trust’s assets. Id. In response to the motions, Beekhuis made limited appearances, in her individual capacity, asserting that the court lacked jurisdiction over the trustee and the trust property. Id. On appeal from the order requiring Beekhuis, as trustee, to deliver the trust’s assets to her brother, Beekhuis argued that the probate court lacked jurisdiction over the trust and its trustee because she did not file any pleadings and sought no relief in her capacity as trustee and did not submit to the jurisdiction of the court. Id. at 1116. The district court agreed and held that the probate court lacked jurisdiction over Beekhuis as trustee and the trust because the original pleadings never raised any claim over the trust and because Beekhuis continually asserted that the court lacked jurisdiction over the trust and trustee. Id.
Beekhuis is distinguishable from the case at hand because Casselberry sought writs of garnishment as to the Ber-linger Discretionary Trusts in- her initial pleadings and Inglis did not continually assert that the court lacked jurisdiction over the trust and himself as the trustee. Immediately after his appointment as special trustee, Inglis requested and received all of the assets in the Berlinger Discretionary Trusts. He selected a custodian and began making disbursements on behalf of Berlinger directly to his creditors and utilities. Attorney Presley, who rep *393 resented both Berlinger and Inglis, filed a motion to substitute Inglis as a party along with motions seeking family law court intervention in discovery matters involving the trusts. It was readily apparent that Inglis’s objective was to offer his legal opinion in an effort to persuade the trial court that these discretionary trust were not subject to writs of garnishment from a former spouse. “[Tjhose who participate in litigation by moving the court to grant requests materially beneficial to them, have submitted themselves to the court’s jurisdiction.” First Wis. Nat’l Bank of Milwaukee v. Donian, 343 So.2d 943, 945 (Fla. 2d DCA1977).
Inglis’s withdrawal of the motion to substitute one day before the November hearing is of no consequence. Upon proper service of notice of the hearing to his attorney, Inglis voluntarily appeared as the trustee at the November 2012 hearing and actively participated in the parties’ arguments regarding whether the trial court had authority to issue a writ of garnishment against disbursements made from the Berlinger Discretionary Trusts. Thus, Inglis voluntarily submitted to the court’s jurisdiction by participating in the litigation and moving the court to grant requests materially beneficial to himself and the Berlinger Discretionary Trusts.
III. CONCLUSION
Accordingly, we affirm the trial court’s orders granting the former wife’s motion for continuing writs of garnishment and substituting Inglis as a party to the family law action.
Affirmed.
CASANUEVA and MORRIS, JJ., Concur.

. (1) The Rosa B. Schweiker Trust; (2) the Frederick R. Berlinger Trust; (3) the Rose S. Berlinger Trust; and (4) the Schweiker-Ber-linger Irrevocable Life Insurance Trust.

. We note that the same circuit court judge presided over the substitution of the trustees in probate court and issued the writs of garnishment in the family law case. As a result, Berlinger and Inglis, as special trustee, through Attorney Presley, sought disqualification of the judge and subsequently pursued prohibition relief through this court. That petition was denied. See Berlinger v. Casselberry, 2D 12-4845 (Fla. 2d DCA Sept. 28, 2012).