DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LISA JOHNSON,** individually and as beneficiary of the
**HAROLD MARCUS TRUST AGREEMENT**, dated August 11, 2015,
as amended and restated on September 15, 2022,
Appellant,

v.

**DAVID MARCUS,** individually, and as successor co-trustee of the
**HAROLD MARCUS TRUST AGREEMENT,** dated August 11, 2015,
as amended and restated on September 15, 2022, and
**THOMAS DACHELET,** individually and as successor co-trustee of the
**HAROLD MARCUS TRUST AGREEMENT,** dated August 11, 2015,
as amended and restated on September 15, 2022,
Appellees.

No. 4D2023-3096

[May 8, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 502023CP001468XXXXSB.

Kelly D. Feig of The Law Office of Kelly D. Feig, P.A., Hallandale Beach, for appellant.

Robert J. Hauser of Sniffen & Spellman P.A., West Palm Beach, for appellees.

KLINGENSMITH, C.J.

We affirm without prejudice the probate court's order summarily denying appellant's emergency petition seeking temporary injunctive relief. Appellant improperly filed her emergency petition without initiating an action concerning the trust pursuant to Florida Statutes.

Appellant Lisa Johnson is the beneficiary of an inter vivos trust created by her deceased father. The father designated appellant's brother and the father's attorney as co-trustees and granted them absolute discretion over appellant's trust funds. The father's will has been admitted to probate, and the brother has been named personal representative.

Appellant filed the emergency petition at issue using the case number for the probate case. The emergency petition sought to compel the co-trustees to pay appellant's health insurance and other expenses from the trust funds. The probate court summarily denied the emergency petition.

We agree with the co-trustees that appellant improperly sought relief concerning the trust in the probate case. Under the Florida Trust Code, any action concerning the trust must be commenced by filing a complaint. § 736.0201(1), Fla. Stat. (2023) ("Except as provided in subsections (5), (6), and (7) and s. 736.0206, *judicial proceedings concerning trusts shall be commenced by filing a complaint* and shall be governed by the Florida Rules of Civil Procedure." (emphasis added)). Appellant's emergency petition does not fall within any of the statutory exceptions. *See id.* We agree with the co-trustees that they are entitled to be served with a complaint under the trust code before the probate court can exercise authority over them. *See Beekhuis v. Morris*, 89 So. 3d 1114, 1116 (Fla. 4th DCA 2012) (concluding that probate court in guardianship case erred in asserting jurisdiction over trust property and trustee that were not before the court).

In her Reply Brief, appellant contends that she intended on filing the emergency petition in a new independent case. She explains that, after the trial court entered the order denying the petition in the probate case, the petition was set up and docketed in a new case number.[1]

This does not change the analysis, and appellant does not show any reversible error. She used the probate case number on her filing and labeled it an "adversary proceeding" under the probate rules. *See* Fla. Prob. R. 5.025. The court did not err in summarily denying emergency temporary relief in the probate case because appellant has failed to properly initiate an action concerning the trust. Any proceeding that appellant wishes to file concerning the trust must be commenced by filing a complaint under the Florida Trust Code. Once that occurs, appellant can address those issues raised in the emergency petition in the appropriate forum.

We do not reach the merits of any of the other arguments raised by the parties on appeal.

*Affirmed.*

---

[1] Appellant filed a prior emergency petition that similarly used the probate case number, and that petition was docketed and remains pending in the probate case.

CIKLIN and CONNER, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***