343 So.2d 943 (1977)
FIRST WISCONSIN NATIONAL BANK OF MILWAUKEE, Appellant,
v.
Armand S. DONIAN and Phyllis Donian, Appellees.
No. 76-1420.
District Court of Appeal of Florida, Second District.
March 16, 1977.
Rehearing Denied April 14, 1977.
*944 Garth A. Webster, Wakefield, Hewitt & Webster, Miami, for appellant.
M.W. Schryver, Schryver, Hagaman & Aaron, Naples, for appellees.
SCHEB, Judge.
On this appeal, we are called upon to determine whether the trial court acquired in personam jurisdiction over certain defendants in a mortgage foreclosure suit where they were not served with process.
Plaintiff Bank (appellant herein) sought to foreclose a mortgage where the Donians (appellees herein) were guarantors of the underlying note obligation signed by other defendants. After it unsuccessfully attempted service on the Donians, the Bank moved for summary judgment against the other defendants. Prior to the scheduled hearing, the parties involved, including Armand Donian but not his wife, Phyllis Donian, entered into an "Agreement for Stay of Proceedings."
The Preambles to the agreement recited that the borrower and the Donians, as guarantors, were attempting to secure refinancing and were seeking a stay of the foreclosure action. The agreement provided for an adjustment of accrued interest, and a modification of future interest payable under the mortgage note. It also imposed a limitation on interest the Bank could obtain on any deficiency judgment. The Bank agreed to stay the foreclosure proceedings for six months with an additional three months extension under certain conditions, one of which was that if the borrower and guarantors failed to pay the principal and interest, the Bank would be entitled to a final judgment for all principal, accrued and future interest as modified, and attorneys' fees and costs. Should a deficiency arise upon foreclosure sale, the Bank agreed to give ten days notice to the attorneys of record for the borrower and guarantors of any application of a deficiency judgment. The borrower and guarantors reserved the right to dispute the Bank's claim to a deficiency judgment and to appeal the award of any such judgment.
Only Mr. Donian signed the stay agreement. However, he and his wife, in proper person, both signed a joint motion seeking the trial court's approval of the agreement to stay of the foreclosure proceedings. On February 24, 1975, the trial judge approved the agreement and as requested, stayed all proceedings, noting the court had ". . jurisdiction over the above parties ARMAND S. DONIAN and PHYLLIS DONIAN, who have appeared in these proceedings in proper person ..." The order indicates that a copy thereof was furnished to the Donians.
Approximately a year later, the Bank sought a final judgment reciting in its motion that the defendants failed to abide by their obligations under the court approved stay agreement. By order, on February 23, 1976, the trial court concluded that it had jurisdiction over the subject matter and parties and awarded a final judgment of foreclosure in favor of the Bank. Jurisdiction to consider the question of a deficiency judgment was reserved by the court.
As a result of the final judgment, $1,650,620.84 became due to the plaintiff Bank. The property was bid in by the plaintiff at public sale for $1,016,000. When the Bank moved for a deficiency judgment of $634,620.84, the Donians by their counsel moved to abate the proceedings for lack of jurisdiction over their persons. The court granted that motion and on August 4, 1976, abated the action against the Donians. This interlocutory appeal by the plaintiff Bank ensued. Having concluded the court had jurisdiction over the Donians, we reverse.
Jurisdiction over defendants is ordinarily acquired by service of process on them or by their voluntary appearance and submission to the court. McKelvey v. *945 McKelvey, 323 So.2d 651 (Fla.3d DCA 1976). Since no personal or constructive service of process was ever accomplished on the Donians, we must determine whether their actions in requesting the court to approve their agreement and to grant a stay of proceedings was sufficient to constitute a submission by them to the court's jurisdiction.
Formerly, we would have focused on whether the Donians made a "general appearance" or "special appearance" in the litigation; however, this distinction has been abolished. Ward v. Gibson, 340 So.2d 481 (Fla.3d DCA 1976). The present method of raising the question of jurisdiction over the parties is by a responsive pleading or motion. Fla.R.Civ.P. 1.140(b); Greenberg v. Greenberg, 101 So.2d 608 (Fla.3d DCA 1958). Since no responsive pleading or motion has been filed, we must determine whether the Donians by their actions before the court obtained some relief or material benefit sufficient to constitute a submission by them to the court's jurisdiction. Green v. Roth, 192 So.2d 537 (Fla.2d DCA 1966). The Donians contend they did not, and cite Paulson v. Faas, 171 So.2d 9 (Fla.3d DCA 1965), for the proposition that a stipulation merely extending time for a defendant to answer does not waive jurisdictional defenses. We do not think the Paulson principle is applicable to this case. Here, the Bank and the Donians agreed upon several items of material consequence to their interests in the pending litigation. Then they jointly requested the court to stay the proceedings on basis of those agreements which modified the rights of all parties to that litigation.
The Donians argue they received no benefit relative to the merits of the deficiency judgment which the Bank now seeks. Further, they contend any relief afforded them was the product of the agreement between the parties and did not come from the court. Finally, they point out that retaining the right to dispute the Bank's claim to a deficiency was inconsistent to acceding to the court's jurisdiction over them. We find no merit to these arguments. It is apparent to us that it was in the Donians' interest to secure the adjustments which the Bank agreed to, and to have a respite of six to nine months during which the borrower and they, as guarantors, could attempt to refinance the obligation being foreclosed by the Bank. Likewise, we find no merit to their argument that they reserved the right to challenge the court's jurisdiction over them by the language in their agreement that ". . guarantors reserve the right at said hearing upon application for deficiency judgment to dispute the Bank's claim to a deficiency judgment ..." The quoted language is as susceptible to an implicit acknowledgment of jurisdiction as it is to the position now taken by the Donians.
We think the relief sought by the Donians falls within the principle of Green v. Roth, supra, that those who participate in litigation by moving the court to grant requests materially beneficial to them, have submitted themselves to the court's jurisdiction.
Accordingly, the judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.
McNULTY, Acting C.J., and GRIMES, J., concur.