DELL, Judge.
On July 24, 1984, appellant, Herbert Dobbins, suffered personal injuries when the boom of a truck-mounted crane came into contact with a high-voltage transmission line. At the time of the accident, appellant was an employee of Dobbins Sign Services, Inc., but was working with appellee, Howard Weber, an officer of Preferred Enterprise Signs. Appellee, based upon his corporate officer status, had elected exemption from coverage under the Worker’s Compensation Act pursuant to section 440.-05, Florida Statutes (1983).
Appellant, Herbert Dobbins, made a claim for and received worker’s compensation benefits from Preferred Enterprise Signs. Appellant and his wife also filed suit against several defendants as a result of his injuries. This appeal arises out of a final summary judgment in favor of one of the defendants, appellee, Weber. We reverse.
Appellants alleged in their first amended complaint that Weber acted as supervisor of the work at the time of the accident and that he conducted his work in a grossly negligent and reckless manner when he directed the truck-mounted crane to be positioned in close proximity to power lines. They also claimed that appellee failed to provide for insulation or removal of the power lines prior to the sign removal. Ap-pellee moved for summary judgment asserting the immunity provisions of section 440.11, Florida Statutes (1983) and also on the ground that appellee’s acts did not constitute gross negligence. The trial court agreed and granted appellee’s motion for summary judgment. The trial court also granted appellants’ ore terms motion to file a second amended complaint.
Appellants based their second amended complaint on simple negligence and alleged that appellee had “filed an election not to be covered with the Division of Worker’s Compensation....” They argued that as a consequence thereof appellee was not a “co-employee under the terms of Florida Statutes section 440.11.” The trial court disagreed with appellants and granted ap-pellee’s motion for summary judgment on appellants’ second amended complaint. Appellants do not challenge the trial court’s summary judgment on their claim of gross negligence. They contend, however, that the trial court erred when it granted a summary judgment on the second amended complaint, based upon the immunity provisions of section 440.11.
Appellants argue that since appellee elected to exempt himself from coverage under the Act, and in turn, the Act exempted him from the statutory definition of “employee,” that section 440.11 necessarily would not apply to him. As a result, appellants conclude that appellee is not immune from civil liability. We agree.
In Streeter v. Sullivan, 509 So.2d 268 (Fla.1987), the supreme court resolved a conflict between this court and the Second District Court of Appeal concerning the question of whether the immunities provided by section 440.11(1) extended to corpora-tive officers, executives and supervisors where such corporate officer had acted with gross negligence. The court approved this court's decision and concluded that the immunities of section 440.11 would not extend to a corporate officer charged with gross negligence. The court rejected the alter ego argument approved by the Second District Court of Appeal. While the corporate officer in Streeter did not elect to exercise the exemption from coverage as provided for in section 440.05, we find the supreme court’s strict construction of section 440.02 helpful in resolving the narrow issue before us. In Streeter the court stated that:
The term “employee” includes any person who is an officer of a corporation and who performs services for remuneration for such corporation....
The court went on to conclude that:
Inquiry into legislative intent may begin only where the statute is ambiguous on its face. See State v. Egan, 287 So.2d 1, 4 (Fla.1973). Where these provisions are even slightly ambiguous, an examination of legislative history and statutory construction principles would be necessary. We believe, however,' that the plain language of section 440.01 [sic] and *1145 440.11(1) precludes any further explanation of legislative intent. These statutes unambiguously impose liability on all employees for their gross negligence resulting in death or injury to their fellow employees. This imposition of liability is blind to corporate status. Nowhere does section 440.11(1) impose upon injured employees a requirement to show that the fellow employee has committed some affirmative act going beyond the scope of the employer’s nondelegable duty to provide a safe place to work. We are not inclined to read such a requirement into the statute when it is plainly not there.
Id. at 271. The court placed great emphasis on the statutory definition of “employee” and refused to extend immunity to the corporate officer. Here, appellee rejected coverage under the Worker’s Compensation Act pursuant to section 440.05. Section 440.02(11)(d)(4), Florida Statutes (1983) expressly exempts from definition of “employee,” any officer of a corporation who elects to be exempt from coverage under this chapter.” Section 440.11(1) provides in pertinent part:
The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer’s business and the injured employee is entitled to receive benefits under this chapter.
Appellee, by his rejection of coverage under the Act, would not have been entitled to worker’s compensation benefits had he suffered injuries in the subject accident. See Vallina v. Victor Fuego Construction Co., 443 So.2d 320 (Fla. 1st DCA 1983). However, under section 440.075 he retained his right to maintain an action at common law for work-connected injuries.
When corporate officer rejects chapter; effect. — Every corporate officer who elects to reject this chapter shall, in any action to recover damages for injury or death brought against the corporate employer, proceed as at common law, and the employer in such suit may avail itself of all defenses that exist at common law.
We express no opinion as to the merit in appellants’ argument that if the tables had been turned, appellee’s rejection of coverage under the Act would have permitted appellee to sue appellant. We do find merit, however, in appellants’ argument that appellee’s rejection of coverage removed him from the definition of “employee” as defined in section 440.02(ll)(d)(4). We find nothing in the Act that extends the immunity of section 440.11 to a person outside the statutory definition of “employee.” The court in Holly v. Auld, 450 So.2d 217 (Fla.1984) wrote,
It has also been accurately stated that courts of this state are
without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power,
quoting American Bankers Life Assurance Company of Florida v. Williams, 212 So.2d 777, 778 (Fla. 1st DCA 1968) (emphasis added in opinion).
Accordingly, we hold that the trial court erred when it extended the immunity of section 440.11(1) to appellee and we reverse the final summary judgment on appellants’ claim of simple negligence and remand this case for further proceedings.
We believe the question presented in this appeal is one of great public importance and therefore we certify the following question to the supreme court:
DO THE IMMUNITIES PROVIDED BY SECTION 440.11, FLORIDA STATUTES (1983) EXTEND TO A CORPORATE OFFICER WHO ELECTS, PURSUANT TO SECTION 440.05, TO EXEMPT HIMSELF FROM COVERAGE UNDER THE PROVISIONS OF CHAPTER 440? REVERSED AND REMANDED.
GUNTHER and POLEN, JJ., concur.