616 So.2d 956 (1993)
Howard WEBER, Petitioner,
v.
Herbert DOBBINS, et ux., Respondents.
No. 78762.
Supreme Court of Florida.
March 18, 1993.
Rehearing Denied May 7, 1993.
*957 Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham & Lane, Fort Lauderdale, for petitioner.
Richard D. Schuler of Schuler, Wilkerson & Halvorson, P.A., and Philip M. Burlington of Edna L. Caruso, P.A., West Palm Beach, for respondents.
HARDING, Justice.
We have for review Dobbins v. Weber, 585 So.2d 1143 (Fla. 4th DCA 1991), in which the Fourth District Court of Appeal certified the following question as one of great public importance:
DO THE IMMUNITIES PROVIDED BY SECTION 440.11, FLORIDA STATUTES (1983), EXTEND TO A CORPORATE OFFICER WHO ELECTS, PURSUANT TO SECTION 440.05, TO EXEMPT HIMSELF FROM COVERAGE UNDER THE PROVISIONS OF CHAPTER 440?
Id. at 1145. We have jurisdiction based on article V, section 3(b)(4) of the Florida Constitution, and we answer the question in the affirmative and quash the decision below.
On July 24, 1984, Herbert Dobbins (Dobbins) suffered personal injuries when the boom of a truck-mounted crane came into contact with a high-voltage transmission line. Dobbins was an employee of Dobbins Sign Services, Inc. However, at the time of the accident, Dobbins was working under the direction of Howard Weber (Weber), a corporate officer of Preferred Enterprise Signs. Weber had elected to be exempt from coverage under the Worker's Compensation Act based on his status as a corporate officer, pursuant to section 440.05, Florida Statutes (1983).
Following the accident, Dobbins made a claim for and received worker's compensation benefits from Preferred Enterprise Signs. In addition, Dobbins and his wife also filed suit against Weber and several other defendants as a result of his injuries. *958 In his first amended complaint, Dobbins alleged that Weber, acting as a supervisor, conducted the work in a grossly negligent and reckless manner when: 1) he directed that the truck-mounted crane be positioned in close proximity to the power lines; and 2) he failed to provide insulation or removal of the power lines prior to the sign removal. Weber moved for summary judgment based on the grounds of the immunity provisions in section 440.11, Florida Statutes (1983), and that his actions did not constitute gross negligence. The trial court granted the motion for summary judgment, but also granted Dobbins leave to file a second amended complaint.
Dobbins' second amended complaint alleged simple negligence on Weber's part and that Weber had "filed an election not to be covered with the Division of Worker's Compensation." Weber again filed a motion for summary judgment. In response, Dobbins argued that because of Weber's election, Weber could not be considered a co-employee under section 440.11 and thus was not covered by the immunity provisions of the section. The trial court disagreed and granted Weber's motion for summary judgment on the second amended complaint.
On appeal, the district court strictly construed section 440.11(1) in conjunction with section 440.02(11)(d)(4), Florida Statutes (1983), which specifically excludes from the definition of "employee" "[a]ny officer of a corporation who elects to be exempt from coverage under this chapter." Applying this definition of "employee" to section 440.11(1), the district court held that Weber's rejection of coverage removed him from the statutory immunity granted to "employees" by section 440.11, and that no other provision extended the immunity of section 440.11 to Weber. Therefore, the district court reversed the trial court and certified the question to this Court.
The issue here is whether the district court erred in applying the definition of "employee" found in section 440.02(11)(d)(4), to section 440.11(1), which grants statutory immunities under the Workers' Compensation Laws.
The cardinal rule of statutory construction is that the courts will give a statute its plain and ordinary meaning. Streeter v. Sullivan, 509 So.2d 268 (Fla. 1987). An inquiry into the legislative history may begin only if the court finds that the statute is ambiguous. State v. Egan, 287 So.2d 1 (Fla. 1973). However, this Court has recognized that
a literal interpretation of the language of a statute need not be given when to do so would lead to an unreasonable or ridiculous conclusion. Such a departure from the letter of the statute, however, "is sanctioned by the courts only when there are cogent reasons for believing that the letter [of the law] does not accurately disclose the [legislative] intent."
Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984) (citation omitted) (alteration in original) (quoting State ex rel. Hanbury v. Tunnicliffe, 98 Fla. 731, 735, 124 So. 279, 281 (1929)).
Section 440.02, which defines the terms used in chapter 440, begins with the following predicate: "[w]hen used in this chapter, unless the context clearly requires otherwise, the following terms shall have the following meaning." The section then provides an extensive definition of the term "employee," including:
[a]ny person who is an officer of a corporation and who performs services for remuneration for such corporation within this state, whether or not such services are continuous. However, any officer of a corporation may elect to be exempt from coverage under this chapter by filing written certification of the election with the division as provided in s. 440.05.
§ 440.02(11)(b), Fla. Stat. (1983). Further, the statute expressly excludes from the definition of employee, "[a]ny officer of a corporation who elects to be exempt from coverage under this chapter." § 440.02(11)(d)(4).
Section 440.11(1),[1] which grants immunities from liability claims, reads in pertinent part:
The same immunities from liability enjoyed by an employer shall extend as *959 well to each employee of the employer when such employee is acting in furtherance of the employer's business and the injured employee is entitled to receive benefits under this chapter.
Although the language of both these sections is clear, the word "employee" in section 440.11(1) is used in a different context than that contemplated by the definition of "employee" in section 440.02(11). Section 440.02 defines the term "employee" in the context of those persons who are entitled to file claims under the Worker's Compensation Law. In contrast, the term "employee" in section 440.11 is used in the context of granting statutory immunities provided by the Workers' Compensation Laws. A particular person's immunity from suit is not related to that person's entitlement to make a workers' compensation claim.
Section 440.05 explains the method by which corporate officers and other business owners may exempt themselves from workers' compensation coverage. By removing themselves as potential claimants under the workers' compensation coverage, corporate officers and business owners, like Weber, may reduce the costs of their workers' compensation premiums. A literal interpretation of these statutes would permit a corporate officer or business owner who elects to purchase workers' compensation benefits for himself or herself to be fully insulated from liability, while giving those who elected the exemption unlimited exposure for tort liability claims of injured employees. Moreover, it could be argued that because an employee's immunity is tied to those "same immunities from liability enjoyed by an employer," the employer's decision not to be covered strips the employees of any immunity as well. § 440.11(1). Ostensibly, then the corporate officers or business owner could sue a fellow employee for injuries caused by job-related negligence. If the Court applied a literal interpretation of the statutory definition of "employee" to section 440.11, the result would lead to an unreasonable or ridiculous conclusion. Therefore, we hold that the district court erred in finding that Weber's exemption of workers' compensation coverage removed him from the immunities granted by section 440.11.
Accordingly, we quash the district court's decision and remand for reconsideration in light of this opinion.
It is so ordered.
OVERTON, McDONALD and GRIMES, JJ., concur.
BARKETT, C.J., dissents with an opinion, in which SHAW and KOGAN, JJ., concur.
BARKETT, Chief Justice, dissenting.
I believe the district court was correct in finding that Weber's rejection of coverage removed him from the statutory immunity granted to an "employee" by section 440.11. The majority disagrees, not because the statute does not do what the district court said it does, but because the majority believes the result here is not what the legislature would have intended had it anticipated the fact pattern of this case. This, however, has never served as a sufficient legal basis for correcting a legislative deficiency.
The reason for the rule that courts must give statutes their plain and ordinary meaning is that only one branch of government may write laws. See Holly v. Auld, 450 So.2d 217 (Fla. 1984). Just as a governor who chooses to veto a bill may not substitute a preferable enactment in its place, courts may not twist the plain wording of statutes in order to achieve particular results. Even when courts believe the *960 legislature intended a result different from that compelled by the unambiguous wording of a statute, they must enforce the law according to its terms. St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071, 1073 (Fla. 1982). A legislature must be presumed to mean what it has plainly expressed, Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693 (1918), and if an error in interpretation is made, it is up to the legislature to rewrite the statute to accurately reflect legislative intent.
In order for a court to ignore the plain meaning of statutory language, the result reached by the literal interpretation must be unreasonable or ridiculous, Holly, 450 So.2d at 219, or there must be overwhelming evidence of contrary legislative intent. Hamm, 414 So.2d at 1073. This case does not satisfy those tests. Section 440.02(11)(d)(4) expressly excludes from the definition of "employee" "[a]ny officer of a corporation who elects to be exempt from coverage under this chapter." Section 440.11(1) extends immunity from liability to an "employee." Weber's rejection of workers' compensation coverage thus removed him from the immunity provision of section 440.11(1), and nothing in the Workers' Compensation Act extends the immunity of section 440.11 to a person outside the statutory definition of "employee."
SHAW and KOGAN, JJ., concur.
NOTES
[1] While not persuasive in our discussion today, we note that the legislature has amended section 440.11(1), Florida Statutes (1983), to extend the immunity granted under the statute. See ch. 88-284, § 1, Laws of Fla. The amended statute, section 440.11(1), Florida Statutes (1991), reads in relevant part:

The same immunity provisions enjoyed by an employer shall also apply to any sole proprietor, partner, corporate officer or director, supervisor or other person who in the course and scope of his duties acts in a managerial or policy-making capacity and the conduct which caused the alleged injury arose within the course and scope of said managerial or policy-making duties and the conduct was not a violation of a law, whether or not a violation was charged, for which the maximum penalty which may be imposed exceeds 60 days imprisonment as set forth in s. 775.082, F.S.