PER CURIAM.
Florida Department of Revenue (DOR), petitioner below, appeals the dismissal for lack of jurisdiction of its complaint against appellee Victor E. Castro. We reverse because Castro waived his right to challenge the timeliness of service when he filed a motion to compel blood tests.
On December 6, 1994, DOR filed a complaint against Castro in order to establish paternity and an award of child support. He was subsequently served by substitute service, at' the home of his son-in-law, on September 30,1999. Castro filed a motion to extend the time to respond on October 19, 1999, stating, among other things, that he had been “improperly served.” On De *660 cember 13, 1999, he filed a “Motion for Blood Test and to Toll the Time to Respond to Complaint” in which he requested that the court order the parties and the minor child to submit themselves to a blood test to determine paternity, and to order the parties to split the expenses of the blood test. It was not until March 10, 2000, that Castro moved to dismiss the complaint pursuant to rule 1.070(j), Florida Rules of Civil Procedure, for failure to execute service within 120 days of filing the complaint. The court held that the DOR failed to show good cause for violating the 120-day service of process rule and granted Castro’s motion to dismiss.
“The longstanding rule in Florida has been that if a defendant files any pleading [relating] to [the] merits of the case the defendant waives all challenges to service of process or jurisdiction.” Bailey, Hunt, Jones & Busto v. Scutieri, 759 So.2d 706, 708 (Fla. 3d DCA 2000). A defendant who goes beyond matters of defense and seeks affirmative relief waives a previously asserted objection to personal jurisdiction. See Babcock v. Whatmore, 707 So.2d 702, 704 (Fla.1998). Although defensive actions by defendants do not constitute affirmative relief, those who participate in litigation by moving the court to grant requests materially beneficial to them submit themselves to the court’s jurisdiction. Id. at 705-06 n. 6 (citations omitted).
Castro argues that his motion for blood tests was a defensive motion, not a request for affirmative relief. We disagree. Castro was not merely denying paternity, he was asking the court to accept jurisdiction in order to take an action which would determine the merits of the case against him, and he was willing to accept the benefits of the court’s action. Thus, Castro did seek affirmative relief, and thereby waived his defense of lack of jurisdiction or improper service of process.
Reversed.