PETERSON, J.
The defendants, Gene Mason, Elaine Mason, Apex Energy, etc., et al., appeal an order denying their motion to dismiss for lack of personal jurisdiction. The transcript of the hearing on the motion indicates that the trial court denied the motion because the defendants waived any challenge to personal jurisdiction by filing pleadings including a request for production of documents.
One of the pleadings upon which the trial court relied in denying the motion was a notice of appearance by counsel for the defendants that stated: “Counsel requests that all notices, pleadings, correspondence, discovery requests and other documentation directed towards this Defendant be provided to the undersigned Counsel on their behalf.” The defendants also filed their motion to dismiss alleging lack of personal jurisdiction based upon *235 non-residency, failure to attach documentation which was the subject of plaintiffs claim of breach of contract, failure to allege the basis of the action with specificity, and failure to allege facts supporting the cause of action. The defendants further requested production of documents and submitted affidavits in support of their claim that they were non-residents of Florida.
Filing a notice of appearance by counsel does not constitute a waiver of personal jurisdiction. Public Gas Co. v. Weatherhead Co., 409 So.2d 1026, 1027 (Fla.1982). Although counsel for defendants in the instant case added some language to this notice, the language added nothing more than a request that all future documentation be sent to him.
Rule 1.140(b) of the Florida Rules of Civil Procedure specifically allows joinder of multiple defenses in a motion without waiving any of them. A party is free to assert defenses or take other defensive actions in a motion while maintaining a personal jurisdiction defense. M.T.B. Banking Corp. v. Bergamo Da Silva, 592 So.2d 1215 (Fla. 3d DCA 1992) It is only when a party requests affirmative relief from the court that personal jurisdiction is waived. See Kimbrough v. Rowe, 479 So.2d 867, 869 (Fla. 5th DCA 1985) (assertion of a joint venture is a defense and not a request for affirmative relief); Heineken v. Heineken, 683 So.2d 194 (Fla. 1st DCA 1996) (request for attorney’s fees incurred while asserting defense of personal jurisdiction does not constitute a request for affirmative relief which would waive the defense); cf. Department of Revenue ex rel. Godoy v. Castro, 786 So.2d 659 (Fla. 3d DCA 2001) (defendant’s motion for blood test in paternity action was a request for affirmative relief waiving defense of personal jurisdiction because defendant asked court to accept jurisdiction in order to take an action which could determine the case on the merits in his favor). A request for affirmative relief was not made in the instant case.
The defendants were entitled to engage in discovery regarding the issue of jurisdiction and we find their request for production of documents to be germane to that issue. See Gleneagle Ship Management Co. v. Leondakos, 602 So.2d 1282, 1283-1284 (Fla.1992).
We vacate the order denying the motion to dismiss for lack of jurisdiction and remand for an evidentiary hearing on the issue of jurisdiction pursuant to Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989).
ORDER VACATED.
SHARP, W. and GRIFFIN, JJ., concur.