EVANDER, J.
 

 Edward and Kathleen Sowden, the court-appointed guardians for Opal Simer Bailey, and their attorneys, David Yergey, Jr., and M. Meredith Kirste, appeal from orders striking Yergey’s and Kirste’s petitions to approve payment of their attorney’s fees and costs.
 
 [1]
 
 Petitioners were seeking payments of these fees and costs from the trustee for the Opal Simer Bailey Irrevocable Trust, Gregg Almirantes Brea. The petitions were filed subsequent to Bailey’s death and the guardianship had insufficient funds to pay the requested fees and costs. Although the trial court had previously approved an agreement in which the trustee had agreed to pay certain attorney’s fees and costs incurred on behalf of the guardianship, the trial court concluded that it was not permitted to consider the petitions. Specifically, the court held that upon the ward’s death, the only proceedings authorized under section 744.527(1), Florida Statutes (2008),
 
 [2]
 
 were the consid
 
 *343
 
 eration of the guardians’ petition for discharge and any objections thereto. We reverse.
 

 In November 2005, the Opal Simer Bailey Irrevocable Trust was established. On September 13, 2006, Bailey was adjudicated partially incapacitated and the Sowdens were appointed limited guardians of the person and plenary guardians of Bailey’s property.
 

 After various disputes arose between the guardians, the trustee, and other interested persons, mediation was ordered. In November 2006, a mediation settlement agreement was reached, resolving then pending litigation matters and several other issues. Among other things, the trustee agreed to pay all the attorney’s fees and costs that had been incurred by the trust and the guardianship prior to the date of the agreement, as well as future attorney’s fees and costs incurred in the performance of certain specifically defined tasks. The trustee expressly consented to the guardians submitting the agreement to the guardianship court for its approval.
 

 By order dated November 16, 2006, the trial court approved the mediation settlement agreement and ordered all parties to the agreement to comply with its terms and conditions. Approximately two years later, Bailey passed away. Yergey and Kirste subsequently filed their petitions to approve payment of attorney’s fees and costs. The guardians consented to payment, but the trustee objected. The trustee argued that the trial court lacked authority over the trustee and the trust assets. However, as discussed above, the basis of the trial court’s decision to strike the petitions was the belief that after the ward’s death, the court was limited to considering only the petition for discharge and any objections thereto. The trial court also concluded that the petitioners were not without remedy-they could bring an action to enforce the agreement “in any court of competent jurisdiction.”
 

 A ward’s death does not prevent a trial court from enforcing orders previously entered in the guardianship case.
 
 Midland Nat’l Bank & Trust v. Comerica Trust Co. of Fla., N.A.,
 
 616 So.2d 1081 (Fla. 4th DCA 1993) (holding that viability of otherwise valid orders not dependent on whether ward is alive; sanctity of court orders deserves better than to be
 
 ipso facto
 
 rendered nullity by ward’s death). Here, the trial court had the authority to enforce its prior order requiring the parties to comply with the court-approved mediation settlement agreement.
 

 We also reject the trustee’s contention that the trial court lacked jurisdiction over the trustee. Personal jurisdiction can be conferred by consent.
 
 Bush v. Schiavo,
 
 871 So.2d 1012 (Fla. 2d DCA 2004). By entering into and benefitting from a mediation settlement agreement that (with the trustee’s concurrence) was court-approved in the guardianship proceeding, the trustee submitted to the jurisdiction of the court. Furthermore, in consideration of the benefits received by the trustee under the agreement, the trustee expressly agreed that trust assets could be utilized to pay certain attorney’s fees and costs incurred on behalf of the guardianship.
 

 On remand, the trial court is to determine the amount of attorney’s fees and costs, if any, that the trustee is obligated
 
 *344
 
 to pay Yergey and Kirste pursuant to the terms of the mediation settlement agreement.
 

 REVERSED and REMANDED.
 

 LAWSON and COHEN, JJ., concur.
 

 [1]
 

 . We have jurisdiction.
 
 See
 
 Fla. R.App. P. 9.110(a)(2).
 

 [2]
 

 . Section 744.527(1) provides:
 

 When the court terminates the guardianship for any of the reasons set forth in s. 744.521, the guardian shall promptly file his or her final report. If the ward has died, the guardian must file a final report with the court no later than 45 days after he or she has been served with letters of administration or letters of curatorship. If no objections are filed and if it appears the guardian has made full and complete distri
 
 *343
 
 bution to the person entitled and has otherwise faithfully discharged his or her duties, the court shall approve the final report. If objections are filed, the court shall conduct a hearing in the same manner as provided for a hearing on objections to annual guardianship reports.