IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

CHARLES GLADDEN,

      Appellant,

v.

FISHER THOMAS, INC., THE
GREEN-SIMMONS COMPANY,
INC., AND SHAWN MICHAEL
AVERETT,

      Appellees.


THE GREEN-SIMMONS
COMPANY, INC.,

      Cross-Appellant,

v.

WILSON FLOOR COVERING
OF PENSACOLA, INC.

      Cross-Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1752

_____/

Opinion filed November 15, 2017.

An appeal from the Circuit Court for Escambia County.
Frank L. Bell, Judge.

Charles F. Beall, Jr. of Moore, Hill & Westmoreland, P.A., Pensacola, and Bobby J. Bradford of Aylstock, Witkin, Kreis & Overholtz, PLLC, Pensacola, for Appellant.

W. David Jester of Galloway, Johnson, Tompkins, Burr & Smith, P.L.C., Pensacola, for Appellee/Cross-Appellant The Green-Simmons Company, Inc.

Gregory M. Shoemaker of Wade, Palmer & Shoemaker, P.A., Pensacola, for Appellees Fisher Thomas, Inc., and Shawn Michael Averett.

Peter S. Roumbos of Quintairos, Prieto, Wood & Boyer, P.A., Pensacola, for Cross-Appellee.

PER CURIAM.

This is an appeal from a final summary judgment entered against Appellant, Charles Gladden, and in favor of Appellees, Fisher Thomas, Inc. ("Fisher Thomas"), The Green-Simmons Company, Inc. ("Green-Simmons"), and Shawn Michael Averett ("Averett"). The issue before us is whether Gladden can maintain an action against Appellees in tort for injuries he sustained in the course and scope of employment, after electing exemption from workers' compensation coverage as a corporate officer. For the reasons that follow, we conclude that he cannot and affirm the lower court's decision, although for reasons different than those articulated by the court.[1]

---

[1] The "tipsy coachman" doctrine allows an appellate court to affirm a trial court that "reaches the right result, but for the wrong reasons" if there is "any basis which would support the judgment in the record." *Robertson v. State*, 829 So. 2d 901, 906 (Fla. 2002) (citation omitted).

2

## I.

The action underlying this appeal involves a claim by Gladden arising from a workplace injury occurring on June 2, 2009, while Gladden performed flooring installation work at the Opal Beach Ranger Station. Gladden alleged that he was severely injured when Averett, an employee of Fisher-Thomas, lifted materials to him with a forklift. The load was improperly secured, causing Gladden to fall from the second floor of the job site, which had no railing or other fall prevention in place.

At the time of the incident, Green-Simmons was the general contractor retained by the National Park Service for the project. Green-Simmons entered into separate subcontracts with Fisher Thomas and Wilson Floor Covering, Inc. (Wilson Floor) to perform work on the contract. Unbeknownst to Green-Simmons, Wilson Floor entered into a sub-subcontract with Gladden's company, Chuck Gladden's Carpet & Vinyl Installation, L.L.C. ("Gladden Carpet"), to perform the work Wilson Floor was to perform under its subcontract with Green-Simmons.

The contract with the National Park Service required Green-Simmons and its subcontractors to maintain workers' compensation insurance, which Green-Simmons, Fisher Thomas, and Wilson Floor did at all relevant times. As an officer of Gladden Carpet,[2] Gladden elected to be exempt from workers' compensation

---

[2] Section 440.02(9), Florida Statutes (2008), provides that "[a]s to persons engaged in the construction industry, the term 'officer of a corporation' includes a member owning at least 10 percent of a limited liability company created and approved under

3

coverage pursuant to section 440.02(15)(b)1., Florida Statutes (2008). While Gladden provided a copy of his certificate of exemption to Wilson Floor, neither Gladden nor Wilson Floor notified Green-Simmons of the exemption.

Gladden sued Green-Simmons, Averett, and Fisher Thomas under a theory of negligence. Green-Simmons, in turn, filed a third-party complaint against Wilson Floor. Appellees argued in their motions for summary judgment that they were immune from suit because Gladden was a "statutory employee" of Green-Simmons under the Workers' Compensation Law[3] and potentially in line for workers' compensation benefits. In response, Gladden argued that a corporate officer who properly elects to be exempt from the Workers' Compensation Law is excluded from the definition of an "employee," thereby precluding a finding of immunity.

The trial court entered summary judgment in favor of Appellees, concluding that Gladden was an "employee" under the Workers' Compensation Law at the time of the accident notwithstanding his exemption. The court ruled that Appellees were therefore entitled to workers' compensation immunity as a matter of law. The court additionally ruled that Wilson Floor was immune from any claims arising from the allegations levied by Gladden against Green-Simmons on the basis of workers'

chapter 608."
[3] Chapter 440, Florida Statutes (2008), is known as the "Workers' Compensation Law."

4

compensation exclusivity. This appeal and cross-appeal followed.[4]

## II.

The purpose of the workers' compensation system is to provide an expeditious remedy for employees, regardless of fault, and liability for employers that is limited and determinate. *McLean v. Mundy*, 81 So. 2d 501, 503 (Fla. 1955) (citations omitted). Under the Workers' Compensation Law, an employer that maintains workers' compensation insurance coverage for the benefit of its employees is immune from tort liability for a workplace injury. § 440.11(1), Fla. Stat. (2008) (except as otherwise provided, "[t]he liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability . . . to the employee"); *VMS, Inc. v. Alfonso*, 147 So. 3d 1071, 1074 (Fla. 3d DCA 2014). A general contractor who has "the liability to secure coverage" for employees of its subcontractor and either secures coverage for the subcontractor's employees or ensures that the subcontractor secures coverage for its employees enjoys the same immunity. *VMS, Inc.*, 147 So. 3d at 1074-75; § 440.10(1)(e), Fla. Stat. (2008).

The issue, as framed by Gladden, is whether Gladden was an "employee" under the Workers' Compensation Law at the time of the accident. If, as the trial court found, Gladden was an "employee" under section 440.02(15)(c)2., Florida

---

[4] Because Green-Simmons' Cross-Appeal is a contingent appeal, both Green-Simmons and Wilson Floor agree that the outcome of Gladden's appeal will apply equally to both Green-Simmons and Wilson Floor.

Statutes (2008), Gladden concedes that the exclusive remedy for his injuries falls under the protections provided by the workers' compensation system, as horizontal and vertical immunity would insulate Appellees from tort liability. If he was not an "employee," however, he contends that workers' compensation immunity does not apply.

The Workers' Compensation Law contains definitions of commonly used terms that apply "unless the context clearly requires otherwise." § 440.02, Fla. Stat. (2008). For workers in the construction industry, an "employee" includes "[a]ll persons who are being paid by a construction contractor as a subcontractor, *unless the subcontractor has validly elected an exemption as permitted by this chapter*." § 440.02(15)(c)2., Fla. Stat. (emphasis added). The definition section further provides that an "employee" does *not* include

> [a]n officer of a corporation that is engaged in the construction industry who elects to be exempt from the provisions of this chapter, as otherwise permitted by his chapter. Such officer is not an employee for any reason until the notice of revocation of election filed pursuant to s. 440.05 is effective.

§ 440.02(15)(d)8., Fla. Stat.

Here, it is undisputed that Gladden had filed the required election for exemption and that the exemption was current on the date of the accident. Thus, under the plain language of the foregoing definitions, Gladden did not satisfy the

6

definition of "employee" at the time of the accident. If that were the end of the analysis, we could readily conclude that Appellees were not entitled to immunity.

But the analysis cannot end there because the Florida Supreme Court instructed in *Weber v. Dobbins*, 616 So. 2d 956 (Fla. 1993), that context matters. The question before this Court is not whether Gladden, as an "employee," is eligible to make a claim for workers' compensation benefits as a result of his on-the-job accident. The question is whether Appellees qualify for tort immunity under section 440.11.

In *Weber*, the Florida Supreme Court expressly declined to apply the section 440.02 definition of "employee," which refers to "those persons who are entitled to file claims under the Workers' Compensation Law," to "the context of granting statutory immunities provided by the Workers' Compensation Laws." 616 So. 2d at 959. In that case, a worker was injured while he was working under the direction of Howard Weber, a corporate officer of Preferred Enterprise Signs. *Id.* at 957. The injured worker made a claim for and received worker's compensation benefits from Preferred Enterprise Signs, but also filed a negligence action against Weber as a result of his injuries. *Id.* Weber defended against the action based on the immunity provisions in section 440.11, Florida Statutes (1983). *Id.* at 958. The issue boiled down to whether Weber, who had elected to be exempt from workers' compensation coverage as a corporate officer, could benefit from workers' compensation

7

immunity. *Id.* The answer was yes. In contrasting the context in which the term "employee" is used in the definition section of the Workers' Compensation Law and the context it is used in the section granting employers and employees immunity from liability claims, the court concluded that "[a] particular person's immunity from suit is not related to that person's entitlement to make a workers' compensation claim." *Id.* at 959. It explained that applying the relevant statutory sections literally, without considering context, "would lead to an unreasonable or ridiculous conclusion." *Id.*

Gladden contends that by electing the corporate officer exemption, he is in effect removing himself from the entire workers' compensation scheme and opening the door to actions in tort against individuals and entities who would otherwise be entitled to workers' compensation immunity. But that is asking too much of the benefit derived from the corporate exemption in light of *Weber* and is inconsistent with other provisions of the Workers' Compensation Law. Section 440.05(14), Florida States (2008), which governs the procedures for election of the corporate officer exemption, makes clear that the quid pro quo for reduced workers' compensation premiums associated with the exemption is that the officer electing exemption "may not recover benefits or compensation under [the Workers' Compensation Law]." *See also* § 440.077, Fla. Stat. (2008). The only provision in the Workers' Compensation Law that specifically addresses the impact of the

8

corporate exemption on workers' compensation immunity is section 440.075, which permits an exempt corporate officer to proceed against "*the* corporate employer" at common law in an action to recover damages for injury or death. § 440.075, Fla. Stat. (2008) (emphasis added). Since the corporate employer reaps the benefit of reduced workers' compensation premiums for the exempt officer, it makes sense that there is a risk associated with the benefit.

### III.

Gladden's exemption from workers' compensation coverage does not equate to his ability to circumvent the immunity protections of section 440.11, except as provided by section 440.075. We therefore AFFIRM the trial court's final summary judgments.

RAY, OSTERHAUS, and BILBREY, JJ., CONCUR.