IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

REYNALDO FRADERA,

        Appellant,

v.

EVELYN FRADERA,

        Appellee.

_____/

Case No.  5D22-53
LT Case No. 2018-DR-4198

Opinion filed November 4, 2022

Nonfinal Appeal from the Circuit Court
for Seminole County,
Susan Stacy, Judge.

Brandon M. Tyson, of
Tyson Law Firm, LLC,
Winter Park, for Appellant.

Christopher V. Carlyle, of
The Carlyle Appellate Law Firm,
Orlando, for Appellee.


WOZNIAK, J.

In this marriage dissolution proceeding, Reynaldo Fradera appeals the

trial court's order determining that it had personal jurisdiction over Mr.

Fradera.  Mr. Fradera argues the trial court erred when it found that his

motion requesting appointment of a special magistrate to conduct the sale of marital property at issue in Evelyn Fradera's partition claim subjected him to personal jurisdiction. We agree and therefore reverse.

Background

In 2018, Ms. Fradera filed a petition for dissolution of marriage in the trial court. Mr. Fradera responded by filing a motion to quash service and dismiss the petition for lack of personal jurisdiction and a supporting affidavit. He asserted that he was a New York resident and was served with the petition in New Jersey and that the trial court did not possess personal jurisdiction over him.

Ms. Fradera then filed an amended petition for dissolution of marriage, adding a claim seeking partition of real property owned by Mr. Fradera and Ms. Fradera as tenants by the entirety located in Seminole County. Shortly thereafter, Mr. Fradera and Ms. Fradera jointly stipulated that the trial court did not possess personal jurisdiction over Mr. Fradera and that Mr. Fradera would withdraw his motion to quash service; Ms. Fradera also "agreed that she will not seek any relief that would require the court to assume personal jurisdiction over [Mr. Fradera]." The trial court ratified the joint stipulation by order.

2

Mr. Fradera later filed a motion for appointment of special magistrate pursuant to section 64.061(4), Florida Statutes (2021), to conduct a private sale in order to partition the property at issue, stating, "It is undisputed in this case that the Real Property is indivisible and cannot be divided without prejudice to the parties." Ms. Fradera then filed a motion to determine personal jurisdiction, asserting that by seeking materially beneficial affirmative relief, i.e., appointment of a special magistrate, Mr. Fradera had subjected himself to personal jurisdiction.

After a hearing, the trial court granted Ms. Fradera's motion. Citing to the Second District Court of Appeal's decision in *First Wisconsin National Bank of Milwaukee v. Donian*, 343 So. 2d 943 (Fla. 2d DCA 1977), the trial court held that Mr. Fradera's motion for appointment of special magistrate requested affirmative relief from the trial court that would be materially beneficial to Mr. Fradera, and therefore Mr. Fradera was subject to personal jurisdiction.

Analysis

We review a trial court's determination of personal jurisdiction de novo. *France v. France*, 90 So. 3d 860, 862 (Fla. 5th DCA 2012). The question before this Court is whether Mr. Fradera's request for appointment of a special magistrate to sell the marital property stepped beyond in rem

3

jurisdiction and constituted a request for affirmative relief, thereby subjecting him to personal jurisdiction. We hold that it did not.

"Personal jurisdiction refers to whether the actions of an individual or business entity as set forth in the applicable statutes permit the court to exercise jurisdiction in a lawsuit brought against the individual or business entity in this state." *Borden v. E. European Ins. Co.*, 921 So. 2d 587, 591 (Fla. 2006) (citing *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 500 (Fla. 1989)). In contrast, in rem jurisdiction is "jurisdiction over a thing or a piece of property" rather than a person. *Springbrook Commons, Ltd. v. Brown*, 761 So. 2d 1192, 1193 (Fla. 4th DCA 2000). "If the cause of action has the object of requiring the court to act directly on property or on the title to property, it is an *in rem* action." *Seven Hills, Inc. v. Bentley*, 848 So. 2d 345, 350 (Fla. 1st DCA 2003) (citing *State, Dep't of Nat. Res. v. Antioch Univ.*, 533 So. 2d 869, 872 (Fla. 1st DCA 1988)). "[A] partition judgment is unquestionably *in rem*," *Sammons v. Sammons*, 479 So. 2d 223, 225 (Fla. 3d DCA 1985), and in dissolution proceedings, both the dissolution of the marriage and the division of property rights may be conducted through in rem jurisdiction. *Montano v. Montano*, 520 So. 2d 52, 53 (Fla. 3d DCA 1988) (citing *Davis v. Dieujuste*, 496 So. 2d 806, 808 (Fla. 1986)). Because the

4

action below dealt exclusively with the dissolution of the marriage and the parties' property interests, the action was subject to in rem jurisdiction.

In an in rem action, a "court is not required to acquire in personam jurisdiction over the landowner as a prerequisite to a valid court action." *Miccosukee Tribe of Indians of Fla. v. Dep't of Env't Prot.*, 78 So. 3d 31, 33 (Fla. 2d DCA 2017). However, personal jurisdiction may be conferred by consent or waived by a non-resident defendant if the defendant seeks affirmative relief. *Ge v. Swearingen & Assocs., Inc.*, 328 So. 3d 58, 60 (Fla. 5th DCA 2021) (quoting *Sowden v. Brea*, 47 So. 3d 341, 343 (Fla. 5th DCA 2010)); *Empire Beauty Salon v. Com. Loan Sols. IV, LLC*, 159 So. 3d 136, 140 (Fla. 5th DCA 2014) (citing *Babcock v. Whatmore*, 707 So. 2d 702, 704 (Fla. 1998)). "'Affirmative relief' has been defined as 'relief sought by a defendant by raising a counterclaim or cross-claim that could have been maintained independently of the plaintiff's action.'" *Empire*, 159 So. 3d at 140 (quoting *Affirmative Relief*, *Black's Law Dictionary* 1482 (10th ed. 2014)). "[T]hose who participate in litigation by moving the court to grant requests materially beneficial to them, have submitted themselves to the court's jurisdiction." *Ge*, 328 So. 3d at 61 (quoting *Inglis v. Casselberry*, 137 So. 3d 389, 393 Fla. 2d DCA 2013)); *see also Mason v. Hunton*, 816 So. 2d 234, 235 (Fla. 5th DCA 2002).

Because Mr. Fradera's motion is wholly reliant on Ms. Fradera's petition for partition and could not be maintained without it, we agree with Mr. Fradera that the trial court incorrectly characterized his motion to appoint magistrate as one seeking affirmative relief materially beneficial to him. Mr. Fradera simply sought to initiate the next procedural step for the trial court in the partition action pursuant to section 64.061(4), which states that once the parties have agreed that dividing the property at issue would cause prejudice to one or both of the parties (as Ms. and Mr. Fradera did in both the partition petition and the motion to appoint magistrate), the trial court may, "on motion of any party and notice to the others[,] . . . appoint a special magistrate or the clerk to make sale of the property either at private sale or as provided by s. 64.071." § 64.061(4), Fla. Stat. (2022). Following the statutory procedural steps to protect an interest in the property, as Mr. Fradera did, does not amount to seeking affirmative relief; rather, it is the simple exercise of a party's due process right to be heard before the property rights at issue are decided. *Doersam v. Brescher,* 468 So. 2d 427, 428 (Fla. 4th DCA 1985). As such, Mr. Fradera's request did not waive personal jurisdiction by seeking affirmative relief or material benefit, but rather the request was to move the in rem proceedings forward and finalize the partition pursuant to section 64.061(4).

6

The sole case cited by the trial court in its order, *First Wisconsin*, is distinguishable from the instant case. In *First Wisconsin*, a bank "sought to foreclose on a mortgage where the Donians (appellees herein) were guarantors of the underlying note obligation signed by other defendants." 343 So. 2d at 944. Prior to a hearing on a motion for summary judgment, all parties filed a joint motion seeking the trial court's approval of a stay agreement.[1] *Id.* The trial court granted the stay agreement, but ultimately the defendants—including the appellees—failed to fulfill their obligations. *Id.* Final judgment was entered, and after the foreclosure sale, the bank moved for a deficiency judgment against the defendants. *Id.* The appellees then moved to abate the proceedings for lack of personal jurisdiction, and the trial court granted the motion. *Id.* The Second District Court of Appeal held that the appellees' act of seeking the trial court's approval of the stay agreement amounted to a motion for materially beneficial relief. *Id.* at 945. The court reasoned that the joint motion seeking the trial court's approval of the stay agreement was not merely a motion extending time for an answer—which would not waive jurisdictional defenses—but rather was an attempt to "have a respite of six to nine months during which the borrower and [the appellees]

---

[1] Phyllis Donian, an appellee and one of the guarantors, did not sign the stay agreement but she did sign the joint motion seeking approval of the agreement. *Id*.

could attempt to refinance the obligation being foreclosed by the Bank." *Id.* The court also noted that the appellees did not make an explicit challenge to personal jurisdiction prior to or within the joint motion. *Id.*

Unlike the appellees in *First Wisconsin,* Mr. Fradera did not seek to stay the proceedings to give himself a material benefit or to substantially delay the proceeding; rather, he merely moved for the trial court to proceed in accordance with the statutory process for partition. Further, Mr. Fradera previously raised the issue of personal jurisdiction in the action, and Ms. Fradera stipulated—ratified by the trial court—that the trial court did not have personal jurisdiction and that she would not seek any relief requiring personal jurisdiction over Mr. Fradera. Therefore, we find that the trial court erred in determining that it had personal jurisdiction over Mr. Fradera.

REVERSED.

WALLIS and EDWARDS, JJ., concur.