# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D2024-3462
LT Case No. 2023-CA-000349

_____

DENNY O. TAYLOR, JR.,

    Appellant,

    v.

RAQUEL MAZARIEGO, as
EXPECTED PERSONAL
REPRESENTATIVE of the ESTATE
of EDGAR MAZARIEGO, and as
EXPECTED LEGAL GUARDIAN of
JESUS DEL CARMEN MAZARIEGO,
HADDOCK TIMBER, INC., and
DASHER TRUCKING, LLC,

    Appellees.

_____

Nonfinal appeal from the Circuit Court for Nassau County.
Marianne Lloyd Aho, Judge.

Lauren V. Purdy and Rebecca A. Maturo, of Gunster, Yoakley &
Stewart, P.A., Jacksonville, and Edward McCarthy, III, Jason D.
Holbrook, and Angelo M. Patacca, Jr., of Rogers Towers, P.A.,
Jacksonville, for Appellant.

Aaron Sprague, Dana A. Jacobs, and Stefano D. Portigliatti, of
Coker Law, Jacksonville, and Michael A. Hersh and Ian M.
Kirtman, of Hersh Kirtman Injury Law, for Appellee, Raquel
Mazariego.

No Appearance for Remaining Appellees.

December 5, 2025

EDWARDS, J.

Denny O. Taylor, Jr. appeals the trial court's order denying his motion to dismiss based on lack of personal jurisdiction in this personal injury and wrongful death suit. The trial court found that Appellant waived the right to assert the defense of lack of personal jurisdiction for two reasons. First, it found that he waived the defense because he failed to timely assert it in accordance with Florida Rule of Civil Procedure 1.140(b); specifically, he did not assert lack of personal jurisdiction in his initial motion or pleading. Second, the trial court found that Appellant consented to the court's jurisdiction because he sought affirmative relief by filing a motion for enforcement of an alleged settlement agreement, which is essentially a claim for breach of contract. We affirm.

*Background Facts and Case History*

In the operative complaint, Appellee, Raquel Mazariego, as expected personal representative of her parents' estates, alleged that Appellant, while driving a truck for his employer, co-defendant Haddock Timber, Inc., caused a wreck by colliding with the vehicle occupied by three members of Appellee's family, resulting in the death of both of Appellee's parents.[1] The complaint alleged that Appellant was a resident of Georgia who regularly worked and drove commercially within Florida and that Appellant's co-defendants were companies licensed and doing business in Florida. Suit was filed in the circuit court in Nassau County, Florida.

During the course of the litigation, Appellant has been represented at the trial level sequentially by three (3) different law firms, an irrelevant fact that we mention only because Appellant's

_____

[1] Haddock Timber allegedly owned the truck at the time of the wreck. A third defendant, Dasher Trucking, LLC, allegedly sold the subject truck to Haddock Timber. A default judgment was entered against Dasher.

2

third trial counsel and its appellate counsel think it is important. His first law firm, Tyson & Mendes, LLP, filed a motion to dismiss or transfer based on a claim of improper venue. That motion failed to assert the defense of lack of personal jurisdiction. Later, his first counsel withdrew that motion and filed an answer to the complaint admitting that Appellant regularly worked in Florida and venue in Nassau County was proper. A lack of personal jurisdiction was not asserted among the affirmative defenses in that original answer. Appellant's first law firm moved to amend that answer to admit liability; however, the defense of lack of personal jurisdiction was not asserted in that proposed, amended answer. Appellant's first law firm then filed a motion to enforce settlement.

The first defense law firm, Tyson & Mendes, LLP, was replaced as Appellant's counsel by Cole, Scott & Kissane several months later. This second law firm filed an amended answer, still admitting that Appellant regularly worked in Florida and venue was properly laid but denying liability. The answer filed by Cole, Scott & Kissane asserted ten affirmative defenses—none of which referred to a lack of personal jurisdiction. The motion to enforce settlement for policy limits was denied by the trial court following an evidentiary hearing and affirmed on appeal by this Court. *See Haddock Timber, Inc. v. Mazariego*, 403 So. 3d 311 (Fla. 5th DCA 2025) (mem.).

Next, the law firm of Rogers Towers, P.A., current trial counsel for Appellant, made a general appearance on behalf of Appellant and defendant Haddock Lumber. One month later, Appellant filed a motion to dismiss based on lack of personal jurisdiction. In the motion filed by Appellant's third law firm, he asserted that he had "virtually no connection to Florida," Haddock's insurer assigned counsel to him, he never was informed by counsel that he could raise a lack of personal jurisdiction as a bar to suit, he never knowingly and voluntarily waived any defense to being sued in Florida, and never expressly or impliedly authorized counsel to do so on his behalf. In support, Appellant included a declaration, which did **not** state that Appellant **never** transported material on behalf of Haddock to Florida or otherwise refute Appellee's assertion that he worked "regularly" in Florida as a driver for a commercial carrier.

3

Appellee filed a memorandum in opposition to the motion to dismiss based on Appellant having waived the right to assert any personal jurisdiction defense by failing to timely raise that defense and having sought affirmative relief by seeking enforcement of the alleged settlement. Appellee further noted that Appellant, a Georgia resident, had voluntarily appeared for his deposition in Nassau County, Florida, during which he relied upon his lawyer's advice and specific instructions to refuse to answer every question posed by asserting his Fifth Amendment rights. Appellant filed a reply restating what was already set forth in the motion as if to excuse the fact that the defense of personal jurisdiction was not timely raised because Appellant, a truck driver, was not aware of his right to contest personal jurisdiction; thus, he should get a do-over now that his third law firm explained this concept to him. As noted above, the trial court denied Appellant's motion to dismiss based on lack of personal jurisdiction. The appeal was timely filed, and we have jurisdiction. *See* Fla. R. App. P. 9.130(a)(3)(C)(i).

*Analysis*

Every first-year law student in Florida is required to study the Florida Rules of Civil Procedure and spend a good deal of time learning about the defense of lack of personal jurisdiction, including how and when to raise that defense if applicable. Rule 1.140(b) provides that the defense of lack of personal jurisdiction over a defendant must be raised in the very first motion or pleading which a defendant files. That rule states in pertinent part:

> [e]very defense in law or fact to a claim for relief in a pleading must be asserted in the responsive pleading, if one is required, but the following defenses may be made by motion at the option of the pleader: . . . (2) lack of jurisdiction over the person . . . . A motion making any of these defenses *must be made* before pleading if a further pleading is permitted. . . . Any ground not stated must be deemed to be waived except any ground showing that the court lacks jurisdiction of the subject matter may be made at any time. . . .

4

Fla. R. Civ. P. 1.140(b) (emphasis added).

Interpretation of a rule of civil procedure is done in much the same way as the interpretation of a statute. *See Koppel v. Ochoa*, 243 So. 3d 886, 891 (Fla. 2018) (citing *Saia Motor Freight Line, Inc. v. Reid*, 930 So. 2d 598, 599 (Fla. 2006)); *see also Metcalfe v. Lee*, 952 So. 2d 624, 628 (Fla. 4th DCA 2007) (holding that courts must interpret rules of civil procedure in accord with their "plain and ordinary meaning" (quoting *Weber v. Dobbins*, 616 So. 2d 956, 958 (Fla. 1993))).

Here, Appellant clearly did not assert the defense of lack of personal jurisdiction in his initial motion, which only challenged venue. Nor did he raise the defense in his first answer, nor in the proposed first amended answer, nor in his filed amended answer. Appellant has not provided this Court with any Florida case that would find this defense to be timely raised in a motion filed at such a late stage in the proceedings. Thus, the trial court was correct in ruling that Appellant waived the defense of lack of personal jurisdiction by failing to timely raise it as required by Rule 1.140(h)(1). That waiver provides a sufficient basis by itself for denying the motion to dismiss. Accordingly, we affirm.

Second, Florida law is clear that a defendant waives the right to assert the defense of lack of personal jurisdiction when the defendant seeks affirmative relief from the court in which the action is pending. *Dep't of Rev. v. Castro*, 786 So. 2d 659, 660 (Fla. 3d DCA 2001) (citing *Babcock v. Whatmore*, 707 So. 2d 702, 704 (Fla. 1998)). We need not decide whether Appellant's filing of the motion to enforce settlement constitutes affirmative action that waived the defense of personal jurisdiction, as Appellant's failure to comply with Rule 1.140(h)(1), by itself, constitutes a sufficient basis for denying the motion to dismiss.

Florida courts usually refrain from pontificating on matters that are not necessary to deciding a case. Having made that general statement, we nevertheless address Appellant's argument that he should be excused from complying with the applicable rules and case law regarding asserting the defense of personal jurisdiction because he is a truck driver who was not personally aware of those matters and that his first two law firms failed to

5

advise him properly of the possible availability of that defense. If the argument that his prior counsel was ineffective were to be accepted as an excuse for not complying with procedural or substantive law in the arena of civil litigation, then trial courts would be forced to conduct an in-person colloquy under oath with every party regarding every pleading and every motion, every stipulation, and every objection, that was, or could have been filed or raised, to ensure that the party understood all the potential claims or defenses that the party's counsel did, could, should, or shouldn't assert. While the Sixth Amendment may be interpreted to require similar colloquies at various critical stages in a criminal case, Florida law does not recognize a parallel in civil matters. The argument made by Appellant both below and on appeal, would require civil trial judges to repeatedly ask parties about their attorneys' specific authority to file pleadings, motions, or stipulations on their behalf is unsupported by Florida law not to mention being illogical and unworkable.[2] Adopting such a practice or procedure would certainly bring civil litigation to a halt.[3] It is the duty of counsel to provide advice to clients in civil cases. If counsel negligently fails to carry out this duty, and harm results to the client, there are readily available remedies.[4]

---

[2] Furthermore, adopting Appellant's argument might mean that an unrepresented, non-lawyer party could raise any issue at any stage of a civil proceeding based upon becoming "enlightened" or "informed."

[3] We note that Appellant's counsel did not include any statement or other proof that Appellant had specifically authorized and "approved every word written" in the briefs filed on his behalf in this Court. *See Kinsey v. State,* 179 So. 2d 108, 112 (Fla. 1st DCA 1965).

[4] The trial court made no ruling on the merits of Appellant's claim of lack of personal jurisdiction. We likewise make no finding on the merits of that defense nor as to whether Appellant's counsel, allegedly hired by Haddock's insurance company, provided proper representation and advice.

*Conclusion*

AFFIRMED.

MAKAR and LAMBERT, JJ., concur.

--------------------------------

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

--------------------------------